FILED
JUN 2 7 2018
BANKRUPTCY COURT
OAKLAND, CALIFORNIA

Dale Norman Harms, *in propria persona*
2063 Main Street, Suite 282
Oakley, California
Ph: 925-785-0389
Fax: 925-627-0457

For Debtor(s)

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

In Re:

DALE NORMAN HARMS

Debtor(s)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 18-40758-CN 13

**MEMORANDUM IN SUPPORT OF DEBTOR'S OBJECTION TO CLAIM 2-1**

(Filed concurrently with Debtor's Objection to Claim 2-1)

Judge: Charles Novack
Date: 08/10/2018
Time: 11:00 AM
Place: Courtroom 215

### MEMORANDUM IN SUPPORT OF DEBTOR'S OBJECTION TO CLAIM 2-1

Debtor DALE NORMAN HARMS submits this Memorandum in Support of his Objection to Proof of Claim filed on June 11, 2018 as claim number 2-1 by alleged creditor THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-27, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27 (hereinafter, "BNY-Trust")

### SUMMARY

BNY-Trust CLAIMS IT HAS A SECURITY INTEREST in a property the Debtor has legal title to which arises from a Promissory Note and Deed of Trust dated April 14, 2005, and that said Note[1] and Deed of Trust[2] are attached to BNY-Trust's Proof of Claim.

---

[1] This copy of the alleged "Note" does not appear to be an original document, as this is the third or fourth version of the alleged "Note" Debtor has seen. This is a new version where the bar codes at the bottom of the pages have been removed, and a barcode sticker with the numbers "610 092299913 N 001 001" which was attached at a slant on the bottom of the first page has also been removed.

[2] This copy of the Deed of Trust does not appear to be an original document as it has the bar codes removed from the bottom of the pages. It also has the hand written numbers "251600574/9504693" removed from the top of the first page after the hand written word "Ticor," and there's been a circled W put on it.

Case: 18-40758    Doc# 27    Filed: 06/27/18    Entered: 06/27/18 15:52:37    Page 1 of 3

1  The alleged so-called "Loan Modification" attached to BNY-Trust's Proof of Claim (Claim 2-1

2  Part 3, Page 3) that references a loan entered into on May 26, 2005, is without merit, and a worthless

3  piece of paper. The Debtor knows of no loan he made on that date. Further, this loan modification

4  identified Countrywide as the so-called "Lender," but makes no mention of either AMPRO MORTGAGE

5  CORPORATION, (hereinafter, "AMPRO") or Mortgage Electronic Registrations Systems, Inc.

6  (hereinafter, MERS)

7  The alleged "Note" attached to BNY-Trust's Proof of Claim (Claim 2-1 Part 3, Page 6 - 12)

8  indicates that the debt is payable to AMPRO. That document has been indorsed by the Original Lender,

9  AMPRO, signed by Esthela Quintero as Authorized Signer; the indorsement states "Pay to the Order of

10  Countrywide Document Custody Services, a division of Treasury Bank, N.A. Without Recourse."[3]

11  (hereinafter, "CWDCS") This constitutes a negotiation under Cal. Com. Code § 7501 concerning

12  negotiable instruments with the intent of AMPRO transferring ownership to CWDCS. With CWDCS

13  named as Payee, clearly AMPRO has released all interest in the alleged "Note[4]."

*Cal. Com. Code § 7501 – Form of negotiation for tangible and electronic documents of title;
requirements of "due negotiation:"*

*(a) The following rules apply to a negotiable tangible document of title:*

*(1) If the document's original terms run to the order of a named person, the document is
negotiated by the named person's indorsement and delivery. After the named person's
indorsement in blank or to bearer, any person may negotiate the document by delivery alone;*

17  The alleged "Note" also has been indorsed by CWDCS, signed by Laurie Meder as Vice

18  President; the indorsement states "Pay to the Order of Countrywide Home Loans, Inc. (hereinafter,

19  "CW") Without Recourse". This constitutes a negotiation under Cal. Com. Code § 7501 concerning

20  negotiable instruments with the intent of Laurie Meder transferring ownership to CW. With CW named as

21  Payee, clearly Laurie Meder has released all interest in the alleged "Note."

---

[3] *"Without Recourse"* is a Cal. Com. Code term that "alters" the obligation of a party to a note; (see Cal. Com. Code § 3407 (a) "Alteration" means (i) an unauthorized change in an instrument that purports to modify in any respect the obligation of a party, or (ii) an unauthorized addition of words or numbers or other change to an incomplete instrument relating to the obligation of a party.) and never applies itself to a transfer to a holder in due course, it is an admittance, acceptance, and confession that the "party" that receives the note indorsed "without recourse" can only be a holder, and can never be a holder in due course. (see Cal. Com. Code § 3414) The only party that by law may foreclose is a holder in due course; a holder only has rights to the money. (see Cal. Com. Code § 3302 (e))

[4] It was mandatory to record an Assignment of Deed of Trust in the county recorder's office for the first indorsement on the note from Ampro Mortgage Corporation to Countrywide Document Custody Services a division of Treasury Bank, NA **pursuant to *Cervantes v. Countrywide Home Loans, Inc.,* 656 F. 3d 1034 - Court of Appeals, 9th Circuit, 2011,** as Countrywide Document Custody Services a division of Treasury Bank, NA, **is not, nor has it ever been a MERS member**. The note **left** the MERS system with this negotiation.

Finally, the alleged "Note" has one (1) incomplete "special indorsement" pursuant to Cal. Com. Code § 3205 (a) signed by Shellie Shea as Assistant Secretary for CW with an as-of-yet-unnamed payee. The instructions preceding the signature state "Pay to the Order of _____ Without Recourse". With the instructions of the signer incomplete, this signature does NOT constitute a negotiation under Cal. Com. Code § 7501 and it **is NOT an "indorsement in blank,"** as an "indorsement in blank" is just a "signature," nothing else, with no instructions or qualifications, just a blank signature. With no payee yet named, no transfer has occurred through which rights could be acquired.

CW, along with signing away all rights to the Note, wrote instructions that made its intention of negotiation of the Note clear. The clear intention was that CW's negotiation of the Note will only be complete when the payee is named. The Note with an as-of-yet-unnamed payee is not, and cannot be treated as a "bearer" instrument as no person will acquire any right to the Note until a payee is named.

> *Cal. Com. Code § 3110 – Identification of Person to Whom Instrument is Payable:*
> *(a)The person to whom an instrument is initially payable is determined by the intent of the person, whether or not authorized, signing as, or in the name or behalf of, the issuer of the instrument. The instrument is payable to the person intended by the signer even if that person is identified in the instrument by a name or other identification that is not that of the intended person...*

Under Cal. Com. Code § 3203 (a), a transfer of the Note through which rights can be acquired by a transferee is defined as a delivery from one person to another person.

> *Cal. Com. Code § 3203 - Transfer of instrument; rights acquired by transfer:*
> *(a)An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument.*

When CW signed away all rights to the Note to an as-of-yet-unnamed payee, CW did not deliver the Note to another person as required of a transfer through which rights can be acquired.

CW has released all rights to the Note to an as-yet-unnamed payee. The Deed of Trust as a contract can only enforce its contractual terms against the obligation evidenced by the Note.

A promissory note that is payable to an as-of-yet-unnamed person is not transferred merely by possession; instead, transfer requires that the as-of-yet-unnamed person be named before negotiation occurs.

This alleged "Note" does not appear to be an original document.

//

//