## ARGUMENT

### *BNY-Trust DOES NOT HAVE STANDING TO MAKE A CLAIM*

The promissory note was made payable to AMPRO. No record document suggests that it has been indorsed to BNY-Trust or any other named entity.

The Deed of Trust is governed by California Law. California Law and Federal Law recognize and require proper recordation of assignment to transfer ownership of the Deed of Trust.

From the Deed of Trust:
> 16. **Governing Law; Severability; Rules of Construction.** *This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract.*

The Deed of Trust states that MERS is the beneficiary of it. There is recorded in the Official Records of the Contra Costa County Clerk & Recorder's Office, Document #: DOC-2010-0077103-00, (Claim 2-1 Part 3, Page 13) a SUBSTITUTION OF TRUSTEE AND ASSIGNMENT OF DEED OF TRUST[5] that suggests that MERS as "nominee" for AMPRO released all rights to the Deed of Trust, intending that transfer to be to BNY-Trust. However, AMPRO released, through signature, the rights to the Note, evidencing the obligation, to CWDCS[6], CWDCS released, through signature, the rights to the Note, evidencing the obligation, to CW, and CW released, through signature, the rights to the Note, evidencing the obligation, to whomever wishes to fill in the payee line. Only by ignoring the facts in footnotes 5 and 6 below, (There are many other reasons why the purported SUBSTITUTION OF TRUSTEE AND ASSIGNMENT OF DEED OF TRUST is VOID, but Debtor won't go into them at this time) BNY-Trust *"might"* be able to claim ownership of the Deed of Trust, but that ownership would have nothing to enforce the Deed of Trust contractual terms against. The Deed of Trust is an unenforceable contract.

---

[5] This document is VOID, MERS had nothing to assign, because the note had already left the MERS system with the first indorsement on the note.

[6] **Pursuant to *Cervantes v. Countrywide Home Loans, Inc.*, 656 F. 3d 1034 - Court of Appeals, 9th Circuit, 2011,** the note left the MERS system with this negotiation, as CWDCS, is not, nor has it ever been a MERS member.

Interest in the Deed of Trust is no longer with CW, yet no one else has any authority to enforce its terms, while the Note is waiting for someone to acquire rights. The Deed of Trust is an unenforceable contract, no longer tied to an obligation to enforce its contractual terms over.

Under long existing contract law, if the terms of a contract are violated, affecting the conditions under which the Payor is obligated, without the properly evidenced consent of the Payor, that contract is void, and cannot be returned to un-void, without the consent of the Payor. Even "if" ownership of the Note and the Deed of Trust could be rejoined, the Deed of Trust, as a now unenforceable contract, no longer being tied to an obligation to enforce its contractual terms over, cannot be returned to being an enforceable contract without Dale Harms' consent.

Transfers of mortgage paper may be made outright (sale) or by pledge (as security for a loan to the transferor). In either event, to perfect the transfer, the transferor should physically deliver the note to the transferee. Without a physical transfer, a sale of the note could be invalidated as a fraudulent conveyance, and a transfer in pledge could be invalidated as unperfected (under Cal. Com. Code §§ 9313 through 9314). "One without a pecuniary interest in the Mortgage Loan is not an obligee under the debt and, thus, has no legal standing to foreclose *ab initio.*" (*Watkins v. Bryant* (1891) 91C 492, 27 P 77).

Stay-relief requests are governed by FED. R. BANKR. P. 4001(a)(1), to which FED. R. BANKR. P. 9014 is applicable. Rule 9014, in turn, incorporates Rule 7017. Which makes FED. R. CIV.P. 17 applicable *("[a]n action must be prosecuted in the name of the real party in interest")*.

The standing doctrine *"involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise."* Kowalski v. Tesmer, 543 U.S. 125, 128-29, 125 S. Ct. 564, 160 L. Ed. 2d 519 (2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2D 343 (1975)).

Constitutional standing under Article III requires, at a minimum, that a party must have suffered some actual or threatened injury as a result of the defendant's conduct, that the injury be traced to the challenged action, and that it is likely to be redressed by favorable decision. (*Valley Forge Christian Coll. V. Am. United for Separation of Church and State,* 454 U.S. 464, 472, 102 S. Ct. 752, 70 L. Rd. 2d 700 (1982) (citations and internal quotations omitted)).

Beyond the Article III requirements of injury in fact, causation, and redress-ability, the creditor must also have prudential standing, which is a judicially-created set of principles that places limits on the

class of persons who may invoke the courts' powers. (*Warth v. Seldin*, 422 U.S. 490, 499, 95 S> Ct. 2197, 45 L. Ed. 2d 343 (1975)). As a prudential matter, a plaintiff must assert *"his own legal interests as real party in interest"*. (*Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004), as found in FED. R. CIV. P. 17, which provides *"[a]n action must be prosecuted in the name of the real party in interest."*)

*In re Mitchell,* Case No. BK-S-07-16226-LBR (Bankr.Nev.3/31/2009) (At page 10) the court found *"MERS does not have standing merely because it is the alleged beneficiary under the deed of trust. It is not a beneficiary and, in any event, the mere fact that an entity is named beneficiary of a deed of trust is insufficient to enforce the obligation."* In *In re Maisel*, the Bankruptcy Court for the District of Massachusetts found that a lender did not have standing to seek relief from the automatic stay because it did not have an interest in the property at the time it filed its motion for relief. 378 B.R. 19, 22 (2007) *"Where the mortgage has 'transferred' only the mortgage, the transaction is a nullity and his 'assignee', having received no interest in the underlying debt or obligation, has a worthless piece of paper."* (4 RICHARD R. POWELL, POWELL ON REAL PROPERTY, § 37.27[2] (2000); *In re Mitchell*, Case No. BK-S-07-16226-LBR (Bankr. Nev. 3/31/2009) (At page 12) MERS website admits at pages 10, 20, 22, 26, 34, 38, 40, 42, 44, 46, 62, 68, 72, 76, 78, 88, 89, 99:

MERS stands in the same shoes as the servicer to the extent that it is not the beneficial owner of the promissory note. An investor, typically a secondary market investor, will be the ultimate owner of the note[7].

In consolidated cases of *In re Foreclosure Cases*, 521 F. Supp. 2D 650, 653 (S.D. Oh. 2007), a standing challenge was made, and the Court found that there was no evidence of record that New Century ever assigned to MERS the promissory note or otherwise gave MERS the authority to assign the note. Beginning with this case, courts around the country started to recognize that MERS had no ownership in the notes and could not transfer an interest in a mortgage upon which foreclosure could be based.

//

//

//

---

[7] Even though the servicer "might" have physical custody of the note, (which in this case they do not) custom in the mortgage industry is that the investor (Fannie Mae, Freddie Mac, Ginnie Mae or a private investor) owns the beneficial rights to the promissory note.

MEMORANDUM IN SUPPORT OF OBJECTION TO CLAIM - 6

## CONCLUSION

Alleged creditor BNY-Trust does not demonstrate any document to support its claim that it has standing to enforce the Promissory Note and Deed of Trust. Debtor contends that the real party in interest has not come forward and the alleged creditor lacks standing.

I declare under penalty of perjury that the foregoing is true and correct.

Date: June 25, 2018

by: /s/ *Dale Norman Harms*

Dale Norman Harms, *in propria persona, for Debtor*