ZIEVE, BRODNAX & STEELE, LLP
Erin M. McCartney, Bar No. 308803
Mark S. Krause, Bar No. 302732
30 Corporate Park, Suite 450
Irvine, CA 92606
Telephone: (714) 848-7920
Fax: (714) 908-2615
Email: bankruptcy@zbslaw.com

Attorneys for Secured Creditor
THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-27, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>Dale Norman Harms,<br><br>        Debtor. | CASE NO.: 18-40758<br>Chapter: 13<br><br>OPPOSITION TO DEBTOR'S NOTICE OF OBJECTION AND OPPORTUNITY FOR HEARING AND OBEJCTION TO CLAIM 2-1<br><br>Hearing:<br>Date: 8/10/2018<br>Time: 11:00 a.m.<br>Crtrm: 215<br>Location: United States Bankruptcy Court<br>          1300 Clay Street<br>          Oakland, CA 94612<br><br>Judge Charles Novack |

**TO THE HONORABLE CHARLES NOVACK, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-27, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27, by and through its counsel, Mark S. Krause, hereby opposes Debtor's Notice

1

of Objection and Opportunity for Hearing and Objection Claim 2-1, which was filed by Debtor, DALE NORMAN HARMS ("Debtor") on June 27, 2018 as Docket No. 26 with Amended Memorandum of Points and Authorities in Support of Objection to Claim 2-1 being filed on July 2, 2018 as Docket No 33. Debtor a new Notice of Hearing on July 5, 2018 as Docket No. 35("Objection).

This Opposition is based on this notice, accompanying memorandum of points and authorities, exhibits, any and all other evidence, declarations, documents or pleadings in the Court files in this bankruptcy case, and any oral argument presented at the time of the hearing. Any reply to this opposition must be filed with the Court and served on this opposing party at the hearing on the motion.

## MEMORANDUM OF POINT AND AUTHORITIES

### I. FACTUAL BACKGROUND

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-27, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27, filed a Proof of Claim in this case on or about June 11, 2018, as a Secured Creditor holding a first priority Deed of Trust on real property located at 930 West Cypress Road, Oakley, California 94561 (the "Property"). The total secured claim amount is in the amount of $574,402.71 and the pre-petition arrearage is $198,929.29.

Debtor filed this objection to claim on or about June 27, 2018 with Amended Memorandum of Points and Authorities in Support of Objection to Claim 2-1 being filed on July 2, 2018 as Docket No 33. Debtor a new Notice of Hearing on July 5, 2018 as Docket No. 35. Debtor's objection opposes Secured Creditor's authority to bring the claim, has standing or that the security interest has been perfected as required under F.R.B.P. Rule 3001(d) and is facially defective and does not constitute prima facie validity of the claim. Debtor goes on state that the Claim does not set forth Secured Creditor's claim with proper specificity, pursuant to F.R.B.P Rule 3001(a)&(c).

## II. LAW & ARGUMENT

### A. Debtor's Objection to Claim is Without Merit

Pursuant to Code §502(a), "a claim shall be deemed allowed unless an objection is filed. Even when an objection is filed, the claim *"shall"* be allowed, except to the extent that it is disallowed on one of the grounds provided by §502(b)." 11 U.S.C. §502(b) provides for the sole grounds on which a party can object to a proof of claim.

*In re Campbell,* states "a claim objection that does not actually contest the Debtor's liability or the amount of the debt, is insufficient to disallow a proof of claim, even if the proof of claim lacks the documentation required by Rule 3001(c)." (336 B.R. at 432(9th Cir. B.A.P. 2005). Federal Rule of Bankruptcy Procedure ("FRBP") Rule 3001(f) provides that a claim filed in accordance with the rules "shall constitute prima facie evidence of the validity of the amount of the claim."

To rebut the prima facie validity of a claim, the objecting party must provide "substantial evidence." *In re Hayes* (393 B.R. 259, 269 (Bankr. D. Mass. 2008)). The "substantial evidence" provided must be equal in probative force to the prima facie validity of the creditor's secured claim. *Wright v. Holm (In re Holm)* (931 F.2d 620, 623 (9th Cir. 1991)); *United States Funds, Inc. v. Wylie (In re Wylie) (*349 B.R. 204, 2010 (B.A.P. 9th Cir. 2006)).

Merely raising question about a proof of claim, and whether a proof of claim is valid or not, is insufficient alone to justify disallowance. If the objecting party meets his burden by providing substantial evidence, the burden then shifts back to claimant to establish validity of its claim. *Diamant v. Kasparian* (*In re Southern California Plastics, Inc.*) (165 F.3d. 1243, 124 (9th Cir. 1999)); *In re Stewart* (No. 08-60012, 2010 WL 1258213(9th Cir. April 1, 2010)).

It is clear that Debtor has not met its burden with respect to the lack of statutory authority.

### B. Secured Creditor has Standing to Make a Claim

Debtor erroneously claims in his Memorandum of Points and Authorities that Secured Creditor does not have standing to enforce the Note because the final endorsement from

Countrywide Home Loans, Inc. constitutes an "incomplete 'special indorsement' made out to a "as-of-yet-unnamed payee." Debtor argues that this is not a legitimate blank endorsement because "the instructions preceding the signature state "Pay to the Order of _____ Without Recourse." According to Debtor, the incomplete instructions invalidate the purported endorsement in blank as "an 'indorsement in blank' is just a 'signature,' nothing else, with no instructions or qualifications, just a blank signature."

On this point, the facts and argument are nearly identical to the ones before the court in *In re Smith* (509 B.R. 260, 267 (Bankr. N.D. Cal. 2014)). In that case, the Plaintiff tried to make the argument that an endorsement without an identified payee that included the language "Pay to the order of _____ without recourse . . . "did not constitute a valid blank endorsement. The court stated that it ". . . found no authority that the presence of extraneous language on an endorsement invalidates an otherwise blank endorsement." Id. at 267. The court further stated that "[u]nder Cal. Comm. Code § 3205 . . . an endorsement made by the holder of an instrument that is not a special endorsement is a blank endorsement; and the holder may convert a blank endorsement into a special endorsement by writing words identifying the person to whom the instrument is made payable." Id. As in *Smith*, Debtor has provided no authority that the presence of the words "Pay to the Order of _____ Without Recourse" invalidate an otherwise valid blank endorsement.

Debtor goes on to argue that MERS has no authority to assign the Note, and concludes by stating that Secured Creditor has not provided any document to support its claim that it has standing to enforce the Promissory Note and Deed of Trust. Secured Creditor dismisses the first argument as irrelevant. No claim is being made that MERS has assigned the Note. With regards to the final claim, Secured Creditor attached, as exhibits to its Proof of Claim, copies of the Note (which was properly endorsed in blank), the Deed of Trust, and a properly recorded Assignment of the Deed of Trust from Mortgage Electronic Registration Systems, Inc. (the beneficiary under the Deed of Trust), to Secured Creditor. Thus, the claim that Movant has not provided any

document to support its claim that it has standing is patently false.  Debtor has failed to present any reasonable challenge to Secured Creditor's standing to make a claim.

### C. Debtor Remains Liable for the Debt

While the issue of Debtor's liability to the debt has not been argued within his Objection to Claim, Debtor has raised the issue within his Response to Creditor's Objections to Debtor's Amended Chapter 13 Plan filed on or about July 2, 2018, *See Docket No. 31*.  Debtor claims that because he was granted discharge in his previous chapter 7 bankruptcy on January 12, 2016, there is thus "no valid surviving lien."   Secured Creditor contends that a Chapter 7 Discharge does not extinguish the Lien.  Rather, as the Supreme Court has clearly stated, " . . . a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor in persona—while leaving intact another—namely, an action against the debtor in rem. *Johnson v. Home State Bank*, (501 U.S. 78, 84, 111 S. Ct. 2150, 2154, 115 L. Ed. 2d 66 (1991)). Specifically addressing the issue at hand, the Court went on to state that " . . . the court must allow the claim if it is enforceable against either the debtor or his property . . . the mortgage lien that passes through a Chapter 7 proceeding, may consist of nothing more than an obligation enforceable against the debtor's property." Id. at 85. Thus, while Debtor received discharge from personal liability with regards to Secured Creditor's mortgage lien on the property, the lien is still enforceable with regards to the property itself.  Because Secured Creditor has an enforceable mortgage lien against Debtor's property, the court "must allow the claim." Id.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, Secured Creditor respectfully requests that Debtor's Objection to Claim be overruled and for further relief as the Court deems just and proper.

ZIEVE, BRODNAX, & STEELE, LLP

Dated:  7/25/2018          By:   */s/ Mark S. Krause*
                                 Erin M. McCartney, Esq.
                                 Mark S. Krause, Esq.
                                 Attorneys for Movant.

5

OPPOSITION TO DEBTOR'S NOTICE OF OBJECTION AND OPPORTUNITY FOR HEARING AND OBJECTION TO CLAIM 2-1

1  ZIEVE, BRODNAX & STEELE, LLP
   Erin M. McCartney, Esq. #308803
2  Mark S. Krause, Esq. #302732
3  30 Corporate Park, Suite 450
   Irvine, CA 92606
4  Phone:        714-848-7920
   Facsimile:    714-908-7807
5  Email:        bankruptcy@zbslaw.com

6
   Counsel for Secured Creditor, THE BANK OF NEW YORK MELLON FKA THE BANK OF
7  NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT,INC.
   ALTERNATIVE LOAN TRUST 2005-27, MORTGAGE PASS-THROUGH CERTIFICATES
8  SERIES 2005-27

9

10                    **UNITED STATES BANKRUPTCY COURT**

11                     **NORTHERN DISTRICT OF CALIFORNIA**

12                              **OAKLAND DIVISION**

13

14

15 In re:                                    Case No.: 18-40758

16 Dale Norman Harms,

17            Debtor.                        Chapter: 13

18

19                                           **CERTIFICATE OF SERVICE**

20

21

22

23       STATE OF CALIFORNIA, COUNTY OF ORANGE

24       I, **Michele Dapello**, certify that I am a resident of Orange County, California.  I am over

25 the age of 18 years and am not a party to the within action.  My business address is 30 Corporate

26 Park, Suite 450, Irvine, CA 92606.

27

28

                                        1

On **July 25, 2018**, I served the within **OPPOSITION TO DEBTOR'S NOTICE OF OBJECTION AND OPPORTUNITY FOR HEARING AND OBJECTION TO CLAIM 2-1** on all interested parties in this proceeding by placing a true and correct copy thereof enclosed in a sealed envelope with postage prepaid in the United States Mail at Irvine, California, addressed as follows:

**Dale Norman Harms**
2063 Main Street, Suite 282
Oakley, CA 94561
(*via certified mail*)

**Dale Norman Harms**
930 West Cypress Road
Oakley, CA 94561

**Laurie Harms**
930 West Cypress Road
Oakley, CA 94561

In addition to any paper copies served by U.S. Mail, registered ECF participants, including parties who have requested Special Notice in this case, will receive an electronic copy of the foregoing document when it has been filed with the Court.

Martha G. Bronitsky, 13trustee@oak13.com
Office of the U.S. Trustee/Oak, ustpregion17.oa.ecf@usdoj.gov

I certify under penalty of perjury the foregoing is true and correct.

Executed on **July 25, 2018**, at Irvine, California.

                                        /s/ Michele Dapello
                                        **Michele Dapello**