ZIEVE, BRODNAX & STEELE, LLP
Erin M. McCartney, Bar No. 308803
Mark S. Krause, Bar No. 302732
30 Corporate Park, Suite 450
Irvine, CA 92606
(714) 848-7920 / FAX (714) 908-2615
Email: bankruptcy@zbslaw.com

Attorneys for Movant
THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-27, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>Dale Norman Harms,<br><br>        Debtor. | CASE NO.: 18-40758<br>R/S No.: MSK-1<br>Chapter 13<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362 (d)(1)(d)(4) (REAL PROPERTY)<br><br>Hearing:<br>Date:     September 14, 2018<br>Time:    10:00 a.m.<br>Location: United States Bankruptcy Court<br>             1300 Clay Street<br>             Oakland, CA 94612<br>             **Courtroom 215**<br><br>*Assigned for all purposes to:*<br>Hon. Charles Novack |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. §362(d)(1) (REAL PROPERTY)

COMES NOW THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-27, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27 ("Movant") through the undersigned counsel moves this Court, pursuant to 11 U.S.C. §362 and for in rem relief pursuant to U.S.C. §362 (d)(4)("Motion") with respect to

1

certain real property of the Debtor. The facts and law supporting this Motion are set forth below and in the Declaration in Support of Movant's Motion for Relief from the Automatic Stay Under 11 U.S.C. §362 and for In Rem Relief Under 11 U.S.C. §362(d)(4)("Real Property") filed contemporaneously herewith (the "Declaration").

**FACTUAL BACKGROUND**

1. On April 14, 2005, Debtor, DALE HARMS, and Non-Filing Spouse, LAURIE HARMS, husband and wife ("Borrowers") executed a Deed of Trust and Promissory Note in the principal sum of $392,000.00 to secure the Real Property known as 930 WEST CYPRESS ROAD, OAKLEY, CALIFORNIA 94561 (the "Property"). A true and correct copy of the Promissory Note is attached to the Declaration as **Exhibit "1"**.

2. Movant confirms that it is in possession of the Original Promissory Note and it is currently being housed with the **Bank of New York Fullerton, 700 Burning Tree Rd., Fullerton, CA 92833**.

3. Pursuant to the Deed of Trust, all obligations of the Borrowers under the Promissory Note and Deed of Trust with respect to the Loan are secured by the Property. A true and correct copy of the Deed of Trust has been attached to the Declaration as **Exhibit "2"**.

4. Mortgage Electronic Registration Systems, Inc. ("MERS") assigned the loan to Movant on March 8, 2010, there have been no assignments since. Thus, Movant is the current beneficiary of the Loan. A true and correct copy of the Assignment of Deed of Trust has been attached to the Declaration as **Exhibit"3"**.

5. On or about June 1, 2011, an unauthorized Grant Deed in violation of the Mortgagors' original Deed of Trust was executed whereby Mortgagors, DALE HARMS and LAURIE HARMS, husband and wife, purported to transfer an interest in the property to DALE NORMAN HARMS, a man, and LAURIE ANN LACEY-HARMS, a woman; who are both joined to each other in the holy bonds of matrimony, as a gift for no consideration or for nominal consideration. The unauthorized Grant Deed was executed without the knowledge or consent of Movant. A true and correct copy of the unauthorized Grant Deed has been attached to the Declaration as **Exhibit "4"**.

6. On or about September 17, 2013, an unauthorized Grant Deed in violation of the Mortgagors' original Deed of Trust was executed whereby Mortgagors, DALE NORMAN HARMS, a man and LAURIE ANN LACEY-HARMS, a woman, purported to transfer an interest in the property to THE RESTING PLACE ELEEMOSYNARY TRUST, as a gift for no consideration or for nominal consideration. The unauthorized Grant Deed was executed without the knowledge or consent of Movant. A true and correct copy of the unauthorized Grant Deed has been attached to the Declaration as **Exhibit "5"**.

7. Shellpoint Mortgage Servicing, subservices the underlying Mortgage Loan and Promissory Note for the subject real property referenced in this Motion for Relief from the Automatic Stay on behalf of THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-27, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27 and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if the case is dismissed or if the Debtor obtains a discharge and a foreclosure action is commenced or recommenced, said Foreclosure action will be conducted in the name of THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-27, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27. THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-27, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27 has the right to foreclose because Movant is the original mortgagee or beneficiary or assignee of the security instrument of the referenced loan. Movant, directly or through an agent, has possession of the Promissory Note and the Promissory Note is either made payable to Movant or has been duly endorsed.

8. As of April 2, 2018, the date that the instant bankruptcy was filed, the amount in pre-petition default was approximately, $198,929.29, as set forth in Movant's Proof of Claim, *claim no. 2-1*.

9. Following a validly served Notice of Default and Notice of Trustee's Sale, the Property was scheduled to go to foreclosure sale on April 3, 2018, but due to the instant case Movant was required to postpone the sale with the current sale date being September 18, 2018.

10. Due to the default on Mortgage payments, foreclosure proceedings were commenced against the Property. As such, on February 10, 2014, the acting Trustee proceeded with recording the Notice of Default (Doc Id #2014-0021047-00). On March 2, 2018, the acting foreclosure trustee proceeded with recording the Notice of Trustee Sale (Doc Id #2018-0033112-00). The sale was originally scheduled for April 3, 2018. The sale is currently scheduled for September 18, 2018 but with the instant case likely still pending at that time, the sale will once again need to be rescheduled further delaying Movant's ability to regain possession of the property unless relief is granted.

11. In addition, reasonable attorney fees and court filing costs not to exceed $1,031.00 will be incurred for representation in this Motion. Movant reserves all rights to seek an award or allowance of such fees and costs in accordance with applicable loan documents and related agreements, the Bankruptcy code and otherwise applicable law.

**LAW AND ARGUMENT**

1. Pursuant to the provisions of 11 U.S.C. § 361 and § 362(d)(1), relief for cause may be granted by the Court pursuant to 11 U.S.C. § 362(d)(1), where the Creditor's interest in the property is not adequately protected. (*In re Pliss*, 34 B.R. 432 (Bankr. D. Or. 1983)). Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this Motion.

2. As of April 2, 2018, the loan was due for the September 1, 2009. Movant is informed and believes that the Debtor is unable and ***unwilling*** to provide adequate protection to Movant and there is no probability that adequate protection would be provided to Movant within reasonable time. As such Movant is entitled to Relief from the Automatic Stay Under 11 U.S.C. §362(d)(1), based upon the failure of Debtor to provide adequate protection to Movant.

3. This is further evident after reviewing the filed Schedules and Amended Plan in this case. Debtor's Amended Chapter 13 Plan fails to disclose Movant's collateral. Furthermore, Debtor is unable to fund a feasible plan, meaning that the Debtor has not only the present ability but the future ability to comply with the proposed amended plan. (*In re Hockaday*, 3 B.R. 254,255 (Bankr. S.D. Cal 1980)).

4. Schedule "I" indicates that Debtor's average monthly income is $2,492.00. Schedule "J" indicates that Debtor's average monthly expenses are $881.00 with very minimal expenses listed, thereby leaving a monthly net disposable income of $1,611.00 to go towards the Amended Plan. Debtor's Amended Plan calls for monthly plan payments in the amount of $150.00. Debtor's Schedule "J" reflects a very stringent budget for anything beyond scheduled expenses and therefore places the Debtor at a high risk of default under the Amended Plan which is set at the minimal amount 60 months. To provide for all of Secured Creditor's pre-petition arrears over 60 months, Debtor would need to increase his monthly plan payment by $3,315.49 per month. Therefore, the Debtor does not have the ability to fund the Amended Plan and as such, the Amended Plan is infeasible (see docket entry #29).

5. Relief should be granted as this bankruptcy filing is not a valid attempt to reorganize or propose a confirmable plan. Movant believes that the Debtor is using the bankruptcy process to stop the secured creditor's attempt to proceed lawfully under state law.

6. Movant also alleges that cause exists to grant it relief from the Automatic Stay, as the present case was filed in bad faith with the sole purpose to hinder and delay Movant from exercising its state laws remedies to foreclose and obtain possession of the Property. Accordingly, Movant is seeking relief provided by 11 U.S.C §362(d)(4) to prevent future abuse of the bankruptcy process.

7. A debtor's bad faith in filing a petition constitutes cause for granting relief from stay. *In re Duvar Apt., Inc.,* 205 B.R. 196, 200 (9th Cir. BAP 1996). What constitutes "good faith" depends upon all the circumstances of the particular case. (*In re Goeb*, 675 F.2d 1386 (9th Cir. 1982)); (*In re Warner*, 115B.R. 233 (Bkrtcy. C.D.Cal 1989)). In *In re Powers*, the court articulated the totality of circumstances test as follows: "Whether or not, under all circumstances

of the case there has been an abuse of the provisions, purpose, and spirit of the Bankruptcy Code." *Id.* at 994. (135 B.R. 980 (Bkrtcy C.D.Cal 1991).

8. Under 11 U.S.C. §105(a), this Court has the power to fashion and may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the Court from sua sponte, taking action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

9. Movant is informed and believes that the Debtor is in the beginning stages of a bad faith filing scheme intended to delay, hinder, and defraud Movant. Due to the number of bankruptcy petitions that have been and continue to be filed Movant requests relief under 11 U.S.C. §362(d)(4) in all future bankruptcy cases affecting Borrower, Grantees, and/or the Subject Real Property so that Movant may pursue its state law remedies and regain possession of the Property.

10. The instant bankruptcy proceeding is the **4th** involving both the Debtor, Co-Borrower, and the Property within the last eight (8) years. The below listed cases are not all inclusive and only reflect those specifically known to Movant through completed PACER searches of known interested parties.

11. On July 8, 2010, Borrowers, DALE NORMAN HARMS and LAURIE ANN HARMS, filed a Chapter 13 bankruptcy case number 10-47720. The bankruptcy proceeding was filed without the assistance of bankruptcy counsel. On October 25, 2010, the court entered an Order Dismissing Case Prior to Confirmation of Plan. On October 28, 2010, Debtors filed a Motion to Reopen Chapter 13 case which they withdrew 30 days later on November 30, 2010. A true and correct copy of the Court Docket has been attached to the Declaration as **Exhibit "6"**.

12. On October 9, 2015, Debtor, DALE HARMS, filed a Chapter 7 bankruptcy case number 15-43109. The bankruptcy proceeding was filed without the assistance of bankruptcy counsel. On January 12, 2016, an Order Discharging Debtor and Final Decree was entered. A true and correct copy of the Court Docket has been attached to the Declaration as **Exhibit "7"**.

13.     On September 13, 2016, Co-Borrower, LAURIE ANN HARMS, filed a Chapter 7 bankruptcy case number 16-42569. The bankruptcy proceeding was filed without the assistance of bankruptcy counsel. On December 28, 2016, an Order Discharging Debtor and Final Decree was entered. A true and correct copy of the Court Docket has been attached to the Declaration as **Exhibit "8"**.

14.     On April 2, 2018, Debtor, DALE NORMAN HARMS, filed the instant Chapter 13 bankruptcy case number 18-40758. The bankruptcy proceeding was filed without the assistance of bankruptcy counsel. Furthermore, Debtor's Bankruptcy Voluntary Petition states that Mr. Harms is currently living at 2063 Main Street, Suite 282, Oakley, CA 94561. Upon further inspection Movant believes that this is a business complex and not the location as to where Mr. Harms was actually living at the time of filing. Debtor acknowledged that he was aware that *"bankruptcy fraud is a serious crime and that if his bankruptcy forms are inaccurate or incomplete, he could be fined or imprisoned"* (*see docket entry #1*), and therefore, listing his personal residence as being located in this business complex would be a direct contradiction of what he acknowledged in his petition. A true and correct copy of the Court Docket has been attached to the Declaration as **Exhibit "9"**.

15.     In the event that the instant case is dismissed prior to the hearing on Movant's Motion for Relief from the Automatic Stay, Movant is requesting that the Court retain jurisdiction and keep the bankruptcy case open, as Movant is requesting relief from the automatic stay pursuant to 11 U.S.C. §362(d)(4).

**PRAYER FOR RELIEF**

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1.     Relief from Stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2.     That the Order be binding an effective despite any conversion of this bankruptcy case to a case under any other Chapter of Title 11 of the United States Code.

1. 3. For an Order that 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

2. 4. That the co-debtor stay of 11 U.S.C. §1201(a) or §1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as the Debtor.

3. 5. In the event that the instant bankruptcy case is dismissed prior to the hearing Movant's Motion for Relief from the Automatic Stay, Movant requests that the court retain jurisdiction, as Movant is requesting relief from the automatic stay, pursuant to 11 U.S.C. §362(d)(4).

4. 6. That the Order, if recorded in compliance with applicable state laws governing notices of interest or liens in the Property, be binding and effective under 11 U.S.C. §362(d)(4)(A) and (B) in any other bankruptcy cases purporting to affect the Property filed not later than two (2) years after the date of entry of the Order, except that a debtor in a subsequent bankruptcy case may move for relief from the Order based upon changed circumstances or for good cause shown after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of the Order for indexing and recording.

5. 7. Movant, at its option, may offer, provide and enter into any potential forebearance agreement, loan modification refinance agreement or other loss mitigation agreement as allowed by state law.

6. 8. Movant may contact Debtor to comply with California Civil Code §2923.50 or §2923.55 as necessary.

7. 9. For such other relief as the Court deems proper.

ZIEVE, BRODNAX, & STEELE, LLP

Dated: 8/29/2018     By: /s/ Mark S. Krause
                                   Erin M. McCartney, Esq.
                                   Mark S. Krause, Esq.
                                   Attorneys for Secured Creditor