ZIEVE, BRODNAX & STEELE, LLP
Erin M. McCartney, Bar No. 308803
Mark S. Krause, Bar No. 302732
30 Corporate Park, Suite 450
Irvine, CA 92606
(714) 848-7920 / FAX (714) 908-2615
Email: bankruptcy@zbslaw.com

Attorneys for Movant
THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST
2005-27, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>Dale Norman Harms,<br><br>      Debtor. | CASE NO.: 18-40758<br>R/S No.: MSK-1<br>Chapter 13<br><br>DECLARATION IN SUPPORT OF MOVANT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362 (d)(1)(d)(4) (REAL PROPERTY)<br><br>Hearing:<br>Date:    September 14, 2018<br>Time:   10:00 a.m.<br>Location: United States Bankruptcy Court<br>             1300 Clay Street<br>             Oakland, CA 94612<br>             **Courtroom 215**<br><br>*Assigned for all purposes to:*<br>Hon. Charles Novack |

**DECLARATION IN SUPPORT OF MOVANT'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY (REAL PROPERTY)**

I, Katisha Gill_____, declare under penalty of perjury as follows:

1.  I am employed as a(n) _Bankruptcy Case Manager_____ for Shellpoint Mortgage Servicing as subservicer on behalf of Movant, THE BANK OF NEW

1

Declaration in Support of Movant's Motion for Relief from the Automatic Stay
Under 11 U.S.C. §362 (Real Property)

YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-27, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27 ("Movant"), the present beneficiary of the Deed of Trust and Promissory Note which secures the real property commonly known as 930 WEST CYPRESS ROAD, OAKLEY, CALIFORNIA 94561. This Declaration is provided in support of the Motion for Relief from the Automatic Stay Including Annulment (the "Motion") filed contemporaneously herewith.

2. I make this Declaration based upon my review of the records with regard to this underlying loan transaction, which are kept in the ordinary course of business of Shellpoint Mortgage Servicing. As part of my job responsibilities for Shellpoint Mortgage Servicing, I have personal knowledge of and am familiar with the types of records maintained by Shellpoint Mortgage Servicing in connection with the Loan that is the subject of the Motion and the procedures for creating those types of records. I have access to and have reviewed the books, records, and files of Shellpoint Mortgage Servicing that pertains to the Loan and extensions of Credit given to the Debtor concerning the Property securing such Loan.

3. The information in this Declaration is taken from Shellpoint Mortgage Servicing's business records regarding the Loan. The records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of Shellpoint Mortgage Servicing's regularly conducted business activities; and (c) it is the regular practice Shellpoint Mortgage Servicing to make such records.

4. Shellpoint Mortgage Servicing, subservices the underlying Mortgage Loan and Promissory Note for the subject real property referenced in this Motion for Relief from the Automatic Stay on behalf of THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-27, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27 and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if the case is dismissed or if the Debtor obtains a

2

Declaration in Support of Movant's Motion for Relief from the Automatic Stay
Under 11 U.S.C. §362 (Real Property)

discharge and a foreclosure action is commenced or recommenced, said Foreclosure action will be conducted in the name of THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-27, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27. THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-27, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27 has the right to foreclose because Movant is the original mortgagee or beneficiary or assignee of the security instrument of the referenced loan. Movant, directly or through an agent, has possession of the Promissory Note and the Promissory Note is either made payable to Movant or has been duly endorsed.

5. Debtor, DALE HARMS, and Non-Filing Spouse, LAURIE HARMS, husband and wife, executed and delivered or is otherwise obligated with respect to that certain Promissory Note referenced in the Motion. The Promissory note is either made payable to Movant or has been duly endorsed, *see* **Exhibit "1"**.

6. Movant confirms that it is in possession of the Original Promissory Note and it is currently being housed with the **Bank of New York Fullerton, 700 Burning Tree Rd., Fullerton, CA 92833**.

7. Pursuant to the Deed of Trust, all obligation of the Debtor under the Promissory Note and Deed of Trust with respect to the Loan are secured by certain Real Property located at 930 WEST CYPRESS ROAD, OAKLEY, CALIFORNIA 94561, *see* **Exhibit "2"**.

8. Mortgage Electronic Registration Systems, Inc. ("MERS") assigned the loan to Movant on March 8, 2010, there have been no assignments since. Thus, Movant is the current beneficiary of the Loan. A true and correct copy of the Assignment of Deed of Trust has been attached to the Declaration as **Exhibit"3"**.

9. On or about June 1, 2011, an unauthorized Grant Deed in violation of the Mortgagors' original Deed of Trust was executed whereby Mortgagors, DALE HARMS and LAURIE HARMS, husband and wife, purported to transfer an interest in the property to DALE

3

Declaration in Support of Movant's Motion for Relief from the Automatic Stay
Under 11 U.S.C. §362 (Real Property)

Case: 18-40758 Doc# 44-2 Filed: 08/29/18 Entered: 08/29/18 16:44:48 Page 3 of 6

NORMAN HARMS, a man, and LAURIE ANN LACEY-HARMS, a woman; who are both joined to each other in the holy bonds of matrimony, as a gift for no consideration or for nominal consideration. The unauthorized Grant Deed was executed without the knowledge or consent of Movant. A true and correct copy of the unauthorized Grant Deed has been attached to the Declaration as **Exhibit "4"**.

10. On or about September 17, 2013, an unauthorized Grant Deed in violation of the Mortgagors' original Deed of Trust was executed whereby Mortgagors, DALE NORMAN HARMS, a man and LAURIE ANN LACEY-HARMS, a woman, purported to transfer an interest in the property to THE RESTING PLACE ELEEMOSYNARY TRUST, as a gift for no consideration or for nominal consideration. The unauthorized Grant Deed was executed without the knowledge or consent of Movant. A true and correct copy of the unauthorized Grant Deed has been attached to the Declaration as **Exhibit "5"**.

11. As of April 2, 2018, the date that the instant bankruptcy was filed, the amount in pre-petition default was approximately, $198,929.29, as set forth in Movant's Proof of Claim, *claim no. 2-1*.

12. Following a validly served Notice of Default and Notice of Trustee's Sale, the Property was scheduled to go to foreclosure sale on April 3, 2018, but due to the instant case Movant was required to postpone the sale with the current sale date being September 18, 2018.

13. Due to the default on Mortgage payments, foreclosure proceedings were commenced against the Property. As such, on February 10, 2014, the acting Trustee proceeded with recording the Notice of Default (Doc Id #2014-0021047-00). On March 2, 2018, the acting foreclosure trustee proceeded with recording the Notice of Trustee Sale (Doc Id #2018-0033112-00). The sale was originally scheduled for April 3, 2018. The sale is currently scheduled for September 18, 2018 but with the instant case likely still pending at that time, the sale will once again need to be rescheduled further delaying Movant's ability to regain possession of the property unless relief is granted.

///

///

14. The instant bankruptcy proceeding is the **4th** involving both the Debtor, Co-Borrower, and the Property within the last eight (8) years. The below listed cases are not all inclusive and only reflect those specifically known to Movant through completed PACER searches of known interested parties.

15. On July 8, 2010, Borrowers, DALE NORMAN HARMS and LAURIE ANN HARMS, filed a Chapter 13 bankruptcy case number 10-47720. The bankruptcy proceeding was filed without the assistance of bankruptcy counsel. On October 25, 2010, the court entered an Order Dismissing Case Prior to Confirmation of Plan. On October 28, 2010, Debtors filed a Motion to Reopen Chapter 13 case which they withdrew 30 days later on November 30, 2010. A true and correct copy of the Court Docket has been attached to the Declaration as **Exhibit "6"**.

16. On October 9, 2015, Debtor, DALE HARMS, filed a Chapter 7 bankruptcy case number 15-43109. The bankruptcy proceeding was filed without the assistance of bankruptcy counsel. On January 12, 2016, an Order Discharging Debtor and Final Decree was entered. A true and correct copy of the Court Docket has been attached to the Declaration as **Exhibit "7"**.

17. On September 13, 2016, Co-Borrower, LAURIE ANN HARMS, filed a Chapter 7 bankruptcy case number 16-42569. The bankruptcy proceeding was filed without the assistance of bankruptcy counsel. On December 28, 2016, an Order Discharging Debtor and Final Decree was entered. A true and correct copy of the Court Docket has been attached to the Declaration as **Exhibit "8"**.

18. On April 2, 2018, Debtor, DALE NORMAN HARMS, filed the instant Chapter 13 bankruptcy case number 18-40758. The bankruptcy proceeding was filed without the assistance of bankruptcy counsel. Furthermore, Debtor's Bankruptcy Voluntary Petition states that Mr. Harms is currently living at 2063 Main Street, Suite 282, Oakley, CA 94561. Upon further inspection Movant believes that this is a business complex and not the location as to where Mr. Harms was actually living at the time of filing. Debtor acknowledged that he was aware that *"bankruptcy fraud is a serious crime and that if his bankruptcy forms are inaccurate or incomplete, he could be fined or imprisoned"* (*see docket entry #1*), and therefore, listing his personal residence as being located in this business complex would be a direct contradiction of

what he acknowledged in his petition. A true and correct copy of the Court Docket has been attached to the Declaration as **Exhibit "9"**.

19. Attached hereto as **Exhibit "10"** is a post-petition payment history with respect to the Loan.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of August, 2018, at Greenville (city), SC (state).

*/s/ Katisha Gill*

Name: Katisha Gill
Title: Bankruptcy Case Manager

---

6

Declaration in Support of Movant's Motion for Relief from the Automatic Stay
Under 11 U.S.C. §362 (Real Property)