Dale Norman Harms, *Pro Se*
2063 Main Street, Suite 282
Oakley, California 94561
Ph: 925-785-0389
Fax: 925-627-0457

For Debtor(s)

FILED
SEP 04 2018 9:38
BANKRUPTCY COURT
OAKLAND, CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

DALE NORMAN HARMS,

    Debtor(s)

Case No.: 18-40758-CN 13

**DEBTOR'S AMENDED PRELIMINARY RESPONSE TO CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362 (d)(1)(d)(4) (REAL PROPERTY)**

**Preliminary Hearing:**
Date: September 14, 2018
Time: 10:00 AM
Crtrm.: 215
Location: United States Bankruptcy Court
1300 Clay Street
Oakland, CA 94612
Honorable Charles Novack

## DEBTOR'S AMENDED PRELIMINARY RESPONSE TO CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362 (d)(1)(d)(4) (REAL PROPERTY)

COMES NOW, Dale Norman Harms, and files this **Amended Preliminary Response to Creditor's Motion for Relief from the Automatic Stay Under 11 U.S.C. §362 (d)(1)(d)(4) (Real Property)** that was improperly, and prematurely filed by The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc. Alternative Loan Trust 2005-27, Mortgage Pass-Through Certificates Series 2005-27 ("BNY-Trust") on 08/29/2018 as DOC# 44, and states the following:

    This Response amends and replaces DOC #47 that was filed erroneously on August 31, 2018. This Response is only a preliminary response, and is not Debtor's final Response.

BNY-Trust's Motion for Relief from Automatic stay is <u>premature, and is moot</u>, it should be overruled, the Motion, Exhibits, and Declarations should be stricken, and the preliminary hearing set for September 14, 2018 @ 10:00 AM should be vacated, as their Proof of Claim 2-1 has been timely Objected to, (DOC #26) has been put into question, and is currently being litigated with evidence due from Debtor on August 31, 2018, and a pending hearing date of September 21, 2018 @ 11:00 AM. BNY-Trust does not have a valid claim, and that will be proven in the proceedings and filings in the Objection to Claim.

Debtor Objects to BNY-Trust's improper attempt to file a premature Motion for Relief from Automatic Stay prior to their Proof of Claim being allowed, on the grounds that their Proof of Claim hasn't even been decided on regarding their standing to bring the claim, or their ability, authority, or standing to enforce the alleged "Lien" they say they have. **Therefore they have no standing to bring any Motion for Relief from Automatic Stay until the current Objection to Claim 2-1 is fully resolved.** The Debtor's Objection to Proof of Claim 2-1 takes precedence over anything BNY-Trust tries to file in the case that is not filed into, and in reference to the Objection to Claim. Until the Objection to Claim is resolved, BNY-Trust is without any standing, and has no rights in this case at all.

Wherefore, because of the above stated facts, and in light of justice being served, the Debtor respectfully prays that this Court will overrule BNY-Trust's improperly filed Motion for Relief from Automatic Stay DOC #44 without prejudice as being premature, vacate hearing, and strike the whole Motion, along with Exhibits, and Declarations, as BNY-Trust cannot improperly introduce evidence that might affect the unresolved Objection to Proof of Claim 2-1, disguising it as a *"Motion for Relief from Automatic Stay."* Which if allowed would prejudice the outcome of Debtor's Objection to Proof of Claim 2-1. (DOC #26)

If the final outcome of the pending unresolved Objection to Claim 2-1 goes in BNY-Trust's favor, then, and only then, should BNY-Trust be allowed to file a Motion for Relief from Automatic Stay. BNY-Trust will not be prejudiced if they are made to wait until after the Objection to Claim is resolved, and procedurally there is no other fair and equitable way to handle this. BNY-Trust cannot try to improperly enter evidence in a preemptive offensive

manner on a Proof of Claim that is currently being litigated on an Objection to Proof of Claim <u>disguised</u> as a *"Motion for Relief from Automatic Stay."* These actions by BNY-Trust's Counsel are unprofessional and grounds for sanctions.

    Debtor is entitled to, and has the <u>right</u> to have adequate time (21 - 30 days) to file a proper fully vetted response to any claims, and unproven allegations BNY-Trust "veils" in a Motion for Relief from Stay, and that is only <u>after</u> his Objection to Claim is resolved, otherwise it prejudices the Debtor, as it makes it so an alleged Creditor has a "valid claim" without dealing with any pending unresolved Objections to its Proof of Claim. It also prejudices the Debtor, as now he has to defend himself from an "unproven alleged secured Creditor," essentially a "stranger" and "thief," that is attacking his motives, and character in their improperly filed Motion for Relief from Stay.

    Debtor has not filed this Bankruptcy proceeding in bad faith. Any disputes BNY-Trust has with so-called "unauthorized grant deeds" should have been brought up in prior case litigation, as BNY-Trust has never disputed, or contested them, and actually used them to support their position in previous litigation. The doctrine of Laches applies to their "brand new" alleged dispute of previous grant deeds, as they had no problem with them in the past, and have had plenty of time to contest them (5 years) if they thought they were improper. The deed of trust contract was violated by BNY-Trust's predecessors making it void because of breach of contract. They have no say in how the property is disposed, and Debtor doesn't need their authorization because the contract is void, and has been broken by the other parties.

    The Debtor has been given a chance to prove BNY-Trust does not have a valid claim, and he should be allowed to do that, if the Debtor prevails in his Objection to Proof of Claim, which Debtor is confident he will, the whole Motion for Relief from Stay will be moot, and all the effort, hearings, and time spent on it will be futile. Moreover this new Motion by BNY-Trust puts an undue burden on the Court, as now it has three matters on its calendar, when you include the Confirmation Hearing, of which, was continued <u>because</u> of the Pending Objection to Proof of Claim. BNY-Trust's Objection to Confirmation of the Plan is moot until the Objection to Proof

of Claim is resolved, just like this "new" "out of the blue" Motion for Relief from Stay is also moot until the Objection to Proof of Claim is resolved.

Respectfully submitted,

Dated August 31, 2018                By: *Dale Norman Harms*

                                     Dale Norman Harms, for Debtor

```
Dale Norman Harms, Pro Se
2063 Main Street, Suite 282
Oakley, California 94561
Ph: 925-785-0389
Fax: 925-627-0457
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DALE NORMAN HARMS,<br><br>    Debtor(s) | Case No.: 18-40758-CN 13<br><br>CERTIFICATE OF SERVICE |

**Certificate of Service**

**\*\*This Certificate of Service amends and replaces DOC #49 that was filed in error\*\***

On August 31, 2018, I served the within DEBTOR'S AMENDED PRELIMINARY RESPONSE TO CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362 (d)(1)(d)(4) (REAL PROPERTY) by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakley, California, to all parties entitled to receive notice, addressed as follows:

**Shellpoint Mortgage Servicing**
**PO Box 10826**
**Greenville SC 29603-0826**

**ZIEVE, BRODNAX & STEELE, LLP**
**Erin M. McCartney, Bar No. 308803**
**Mark S. Krause, Bar No. 302732**
**30 Corporate Park, Suite 450**
**Irvine, CA 92606**

If Chapter 13 Trustee or U.S. Trustee is otherwise entitled to notice, he/she will receive such notice upon the electronic filing of the above named documents..

I declare under penalty of perjury that the foregoing is true and correct; executed on August 31, 2018, at Oakley, California.

Dated August 31, 2018                      By: *Dale Norman Harms*

Dale Norman Harms, for Debtor