## Excerpts from the Pooling and Servicing Agreement

Advance: As to each Loan Group, the payment required to be made by the Master Servicer with respect to any Distribution Date pursuant to Section 4.01, the amount of any such payment being equal to the aggregate of payments of principal and interest (net of the Master Servicing Fee) on the Mortgage Loans in such Loan Group that were due on the related Due Date and not received by the Master Servicer as of the close of business on the related Determination Date, together with an amount equivalent to interest on each Mortgage Loan as to which the related Mortgaged Property is an REO Property (net of any net income on such REO Property), less the aggregate amount of any such delinquent payments that the Master Servicer has determined would constitute a Nonrecoverable Advance if advanced.

Available Funds: As to any Distribution Date and each Loan Group, the sum of (a) the aggregate amount held in the Certificate Account at the close of business on the related Determination Date in respect of the related Mortgage Loans pursuant to Section 3.05(b), net of the related Amount Held for Future Distribution and net of amounts permitted to be withdrawn from the Certificate Account pursuant to clauses (i)-(viii), inclusive, of Section 3.08(a) in respect of the Mortgage Loans in that Loan Group and amounts permitted to be withdrawn from the Distribution Account pursuant to clauses (i)-(v) inclusive of Section 3.08(b) in respect of the Mortgage Loans in that Loan Group, (b) the amount of the related Advance, (c) in connection with Defective Mortgage Loans in such Loan Group, as applicable, the aggregate of the Purchase Prices and Substitution Adjustment Amounts deposited on the related Distribution Account Deposit Date, and (d) the Transfer Payment Received plus interest thereon as provided in Section 4.05 for such Loan Group less the Transfer Payment Made plus interest thereon as provided in Section 4.05 for such Loan Group; provided, however, that on the second Senior Termination Date, Available Funds with respect to the Loan Group relating to the remaining Senior Certificate Group shall include the Available Funds from the other Loan Group and on any Distribution Date thereafter, Available Funds shall be calculated based upon all the Mortgage Loans in the Mortgage Pool, as opposed to the Mortgage Loans in the related Loan Group.

Excess Proceeds: With respect to any Liquidated Mortgage Loan, the amount, if any, by which the sum of any Liquidation Proceeds received with respect to such Mortgage Loan during the calendar month in which such Mortgage Loan became a Liquidated Mortgage Loan plus any Subsequent Recoveries received with respect to such Mortgage Loan, net of any amounts previously reimbursed

Case: 18-40758    Doc# 53-1    Filed: 09/07/18    Entered: 09/07/18 17:57:47    Page 1 of 38

to the Master Servicer as Nonrecoverable Advance(s) with respect to such Mortgage Loan pursuant to Section 3.08(a)(iii), exceeds (i) the unpaid principal balance of such Liquidated Mortgage Loan as of the Due Date in the month in which such Mortgage Loan became a Liquidated Mortgage Loan plus (ii) accrued interest at the Mortgage Rate from the Due Date as to which interest was last paid or advanced (and not reimbursed) to Certificateholders up to the Due Date applicable to the Distribution Date immediately following the calendar month during which such liquidation occurred.

Liquidation Proceeds: Amounts, including Insurance Proceeds, received in connection with the partial or complete liquidation of defaulted Mortgage Loans, whether through trustee's sale, foreclosure sale or otherwise or amounts received in connection with any condemnation or partial release of a Mortgaged Property and any other proceeds received in connection with an REO Property, less the sum of related unreimbursed Master Servicing Fees, Servicing Advances and Advances.

Master Servicer Advance Date: As to any Distribution Date, 12:30 p.m. Pacific time on the Business Day immediately preceding such Distribution Date.

Nonrecoverable Advance: Any portion of an Advance previously made or proposed to be made by the Master Servicer that, in the good faith judgment of the Master Servicer, will not be ultimately recoverable by the Master Servicer from the related Mortgagor, related Liquidation Proceeds or otherwise.

Principal Amount: As to any Distribution Date and any Loan Group, the sum of (a) the principal portion of each Scheduled Payment (without giving effect to any reductions thereof caused by any Debt Service Reductions or Deficient Valuations) due on each Mortgage Loan (other than a Liquidated Mortgage Loan) in the related Loan Group on the related Due Date to the extent received or advanced, (b) the principal portion of the Purchase Price of each Mortgage Loan in the related Loan Group that was repurchased by the applicable Seller or purchased by the Master Servicer pursuant to this Agreement as of such Distribution Date, (c) the Substitution Adjustment Amount in connection with any Deleted Mortgage Loan in such Loan Group received with respect to such Distribution Date, (d) any Insurance Proceeds or net Liquidation Proceeds allocable to recoveries of principal of Mortgage Loans in the related Loan Group that are not yet Liquidated Mortgage Loans received during the calendar month preceding the month of such Distribution Date, (e) with respect to each Mortgage Loan in a Loan Group that became a Liquidated Mortgage Loan during

Case: 18-40758   Doc# 53-1   Filed: 09/07/18   Entered: 09/07/18 17:57:47   Page 2 of 38

the calendar month preceding the month of such Distribution Date, the amount of the net Liquidation Proceeds allocable to principal received during the calendar month preceding the month of such Distribution Date with respect to such Mortgage Loan, (f) all Principal Prepayments for such Loan Group received during the related Prepayment Period and any Subsequent Recoveries on the Mortgage Loans in the related Loan Group received during the calendar month preceding the month of such Distribution Date, and (g) the principal portion of any Transfer Payments Received for such Loan Group, minus the principal portion of any Transfer Payments Made for such Loan Group and Distribution Date in accordance with Section 4.05.

Realized Loss: With respect to each Liquidated Mortgage Loan, an amount (not less than zero or more than the Stated Principal Balance of the Mortgage Loan) as of the date of such liquidation, equal to (i) the Stated Principal Balance of the Liquidated Mortgage Loan as of the date of such liquidation, plus (ii) interest at the Adjusted Net Mortgage Rate from the Due Date as to which interest was last paid or advanced (and not reimbursed) to Certificateholders up to the Due Date in the month in which Liquidation Proceeds are required to be distributed on the Stated Principal Balance of such Liquidated Mortgage Loan from time to time, minus (iii) the Liquidation Proceeds, if any, received during the month in which such liquidation occurred, to the extent applied as recoveries of interest at the Adjusted Net Mortgage Rate and to principal of the Liquidated Mortgage Loan. With respect to each Mortgage Loan that has become the subject of a Deficient Valuation, if the principal amount due under the related Mortgage Note has been reduced, the difference between the principal balance of the Mortgage Loan outstanding immediately prior to such Deficient Valuation and the principal balance of the Mortgage Loan as reduced by the Deficient Valuation. With respect to each Mortgage Loan that has become the subject of a Debt Service Reduction and any Distribution Date, the amount, if any, by which the principal portion of the related Scheduled Payment has been reduced.
To the extent the Master Servicer receives Subsequent Recoveries with respect to any Mortgage Loan, the amount of Realized Losses with respect to that Mortgage Loan will be reduced by the amount of those Subsequent Recoveries.

Servicing Advances: All customary, reasonable and necessary "out of pocket" costs and expenses incurred in the performance by the Master Servicer of its servicing obligations, including, but not limited to, the cost of (i) the preservation, restoration and protection of a Mortgaged Property, (ii) any

Case: 18-40758   Doc# 53-1   Filed: 09/07/18   Entered: 09/07/18 17:57:47   Page 3 of 38

expenses reimbursable to the Master Servicer pursuant to Section 3.11 and any enforcement or judicial proceedings, including foreclosures, (iii) the management and liquidation of any REO Property and (iv) compliance with the obligations under Section 3.09.

Trustee Advance Rate: With respect to any Advance made by the Trustee pursuant to Section 4.01(b), a per annum rate of interest determined as of the date of such Advance equal to the Prime Rate in effect on such date plus 5.00%.

SECTION 3.04. Trustee to Act as Master Servicer.
In the event that the Master Servicer shall for any reason no longer be the Master Servicer under this Agreement (including by reason of an Event of Default), the Trustee or its successor shall then assume all of the rights and obligations of the Master Servicer under this Agreement arising thereafter (except that the Trustee shall not be (i) liable for losses of the Master Servicer pursuant to Section 3.09 or any acts or omissions of the predecessor Master Servicer under this Agreement), (ii) obligated to make Advances if it is prohibited from doing so by applicable law, (iii) obligated to effectuate repurchases or substitutions of Mortgage Loans under this Agreement including, but not limited to, repurchases or substitutions of Mortgage Loans pursuant to Section 2.02 or 2.03, (iv) responsible for expenses of the Master Servicer pursuant to Section 2.03 or (v) deemed to have made any representations and warranties of the Master Servicer under this Agreement). Any such assumption shall be subject to Section 7.02. If the Master Servicer shall for any reason no longer be the Master Servicer (including by reason of any Event of Default), the Trustee or its successor shall succeed to any rights and obligations of the Master Servicer under each subservicing agreement.
The Master Servicer shall, upon request of the Trustee, but at the expense of the Master Servicer, deliver to the assuming party all documents and records relating to each subservicing agreement or substitute subservicing agreement and the Mortgage Loans then being serviced thereunder and an accounting of amounts collected or held by it and otherwise use its best efforts to effect the orderly and efficient transfer of the substitute subservicing agreement to the assuming party.

SECTION 3.08. Permitted Withdrawals from the Certificate Account; the Distribution Account and the Carryover Shortfall Reserve Fund.
(a) The Master Servicer may from time to time make withdrawals from the Certificate Account for the following purposes:
(i) to pay to the Master Servicer (to the extent not previously

Case: 18-40758    Doc# 53-1    Filed: 09/07/18    Entered: 09/07/18 17:57:47    Page 4 of 38

retained by the Master Servicer) the servicing compensation to which it is entitled pursuant to Section 3.14 and to pay to the Master Servicer, as additional servicing compensation, earnings on or investment income with respect to funds in or credited to the Certificate Account;

(ii) to reimburse each of the Master Servicer and the Trustee for unreimbursed Advances made by it, such right of reimbursement pursuant to this subclause (ii) being limited to amounts received on the Mortgage Loan(s) in respect of which any such Advance was made;

(iii) …;

(iv) to reimburse the Master Servicer for Insured Expenses from the related Insurance Proceeds;

(v) to reimburse the Master Servicer for (a) unreimbursed Servicing Advances, the Master Servicer's right to reimbursement pursuant to this clause (a) with respect to any Mortgage Loan being limited to amounts received on such Mortgage Loan(s) that represent late recoveries of the payments for which such advances were made pursuant to Section 3.01 or Section 3.06 and (b) for unpaid Master Servicing Fees as provided in Section 3.11;

(vi) to pay to the purchaser, with respect to each Mortgage Loan or property acquired in respect thereof that has been purchased pursuant to Section 2.02, 2.03 or 3.11, all amounts received on such Mortgage Loan after the date of such purchase;

(vii) …;

(viii) …;

(ix) …; and

(x) ….

The Master Servicer shall keep and maintain separate accounting, on a Mortgage Loan by Mortgage Loan basis, for the purpose of justifying any withdrawal from the Certificate Account pursuant to such subclauses (i), (ii), (iv), (v) and (vi). Prior to making any withdrawal from the Certificate Account pursuant to subclause (iii), the Master Servicer shall deliver to the Trustee an Officer's Certificate of a Servicing Officer indicating the amount of any previous Advance determined by the Master Servicer to be a Nonrecoverable Advance and identifying the related Mortgage Loans(s), and their respective portions of such Nonrecoverable Advance.

The decision of the Master Servicer to foreclose on a defaulted Mortgage Loan shall be subject to a determination by the Master Servicer that the proceeds of such foreclosure would exceed the costs and expenses of bringing such a proceeding. The income earned from the management of any REO

Case: 18-40758    Doc# 53-1    Filed: 09/07/18    Entered: 09/07/18 17:57:47    Page 5 of 38

Properties, net of reimbursement to the Master Servicer for expenses incurred (including any property or other taxes) in connection with such management and net of unreimbursed Master Servicing Fees, Advances and Servicing Advances, shall be applied to the payment of principal of and interest on the related defaulted Mortgage Loans (with interest accruing as though such Mortgage Loans were still current) and all such income shall be deemed, for all purposes in this Agreement, to be payments on account of principal and interest on the related Mortgage Notes and shall be deposited into the Certificate Account. To the extent the net income received during any calendar month is in excess of the amount attributable to amortizing principal and accrued interest at the related Mortgage Rate on the related Mortgage Loan for such calendar month, such excess shall be considered to be a partial prepayment of principal of the related Mortgage Loan.

The proceeds from any liquidation of a Mortgage Loan, as well as any income from an REO Property, will be applied in the following order of priority: first, to reimburse the Master Servicer for any related unreimbursed Servicing Advances and Master Servicing Fees; second, to reimburse the Master Servicer or the Trustee for any unreimbursed Advances; third, to reimburse the Certificate Account for any Nonrecoverable Advances (or portions thereof) that were previously withdrawn by the Master Servicer or the Trustee pursuant to Section 3.08(a)(iii) that related to such Mortgage Loan; fourth, to accrued and unpaid interest (to the extent no Advance has been made for such amount or any such Advance has been reimbursed) on the Mortgage Loan or related REO Property, at the Adjusted Net Mortgage Rate to the Due Date occurring in the month in which such amounts are required to be distributed; and fifth, as a recovery of principal of the Mortgage Loan. Excess Proceeds, if any, from the liquidation of a Liquidated Mortgage Loan will be retained by the Master Servicer as additional servicing compensation pursuant to Section 3.14.

ARTICLE IV
DISTRIBUTIONS AND ADVANCES BY THE MASTER SERVICER
SECTION 4.01. Advances.

(a) The Master Servicer shall determine on or before each Master Servicer Advance Date whether it is required to make an Advance pursuant to the definition thereof. If the Master Servicer determines it is required to make an Advance, it shall, on or before the Master Servicer Advance Date, either (i) deposit into the Certificate Account an amount equal to the Advance or (ii) make an appropriate entry in its records relating to the Certificate Account that any Amount Held for Future Distribution has been used by the

Case: 18-40758   Doc# 53-1   Filed: 09/07/18   Entered: 09/07/18 17:57:47   Page 6 of 38

Master Servicer in discharge of its obligation to make any such Advance. Any funds so applied shall be replaced by the Master Servicer by deposit in the Certificate Account no later than the close of business on the next Master Servicer Advance Date. The Master Servicer shall be entitled to be reimbursed from the Certificate Account for all Advances of its own funds made pursuant to this Section as provided in Section 3.08. The obligation to make Advances with respect to any Mortgage Loan shall continue if such Mortgage Loan has been foreclosed or otherwise terminated and the related Mortgaged Property has not been liquidated.

(b) If the Master Servicer determines that it will be unable to comply with its obligation to make the Advances as and when described in the second sentence of Section 4.01(a), it shall use its best efforts to give written notice thereof to the Trustee (each such notice a "Trustee Advance Notice"; and such notice may be given by telecopy), not later than 3:00 P.M., New York time, on the Business Day immediately preceding the related Master Servicer Advance Date, specifying the amount that it will be unable to deposit (each such amount an "Advance Deficiency") and certifying that such Advance Deficiency constitutes an Advance hereunder and is not a Nonrecoverable Advance. If the Trustee receives a Trustee Advance Notice on or before 3:30 P.M., New York time on a Master Servicer Advance Date, the Trustee shall, not later than 3:00 P.M., New York time, on the related Distribution Date, deposit in the Distribution Account an amount equal to the Advance Deficiency identified in such Trustee Advance Notice unless it is prohibited from so doing by applicable law. Notwithstanding the foregoing, the Trustee shall not be required to make such deposit if the Trustee shall have received written notification from the Master Servicer that the Master Servicer has deposited or caused to be deposited in the Certificate Account an amount equal to such Advance Deficiency. All Advances made by the Trustee pursuant to this Section 4.01(b) shall accrue interest on behalf of the Trustee at the Trustee Advance Rate from and including the date such Advances are made to but excluding the date of repayment, with such interest being an obligation of the Master Servicer and not the Trust Fund. The Master Servicer shall reimburse the Trustee for the amount of any Advance made by the Trustee pursuant to this Section 4.01(b) together with accrued interest, not later than the fifth day following the related Master Servicer Advance Date. In the event that the Master Servicer does not reimburse the Trustee in accordance with the requirements of the preceding sentence, the Trustee shall have the right, but not the obligation, to immediately (a) terminate all of the rights and obligations of the Master Servicer under this Agreement in accordance with Section 7.01 and (b) subject to the limitations set forth in Section 3.04,

Case: 18-40758    Doc# 53-1    Filed: 09/07/18    Entered: 09/07/18 17:57:47    Page 7 of 38

assume all of the rights and obligations of the Master Servicer hereunder.

(c) The Master Servicer shall, not later than the close of business on the second Business Day immediately preceding each Distribution Date, deliver to the Trustee a report (in form and substance reasonably satisfactory to the Trustee) that indicates (i) the Mortgage Loans with respect to which the Master Servicer has determined that the related Scheduled Payments should be advanced and (ii) the amount of the related Scheduled Payments. The Master Servicer shall deliver to the Trustee on the related Master Servicer Advance Date an Officer's Certificate of a Servicing Officer indicating the amount of any proposed Advance determined by the Master Servicer to be a Nonrecoverable Advance

# ATTACHMENT 6

Dale Norman Harms
a living soul
in propria persona, sui juris
c/o 2063 Main Street, Suite 282
Oakley, California Republic





7010 0290 0002 3131 9893

Bank of New York Mellon
101 Barclay Street 4W
New York, NY 10286

Dale Norman Harms
a living soul
in propria persona, sui juris
c/o 2063 Main Street, Suite 282
Oakley, California Republic





7010 0290 0002 3131 9909

BAC Home Loans Servicing, L.P.
7105 Corportae Drive
Plano, TX 75024

Dale Norman Harms
a living soul
in propria persona, sui juris
c/o 2063 Main Street, Suite 282
Oakley, California Republic

**CERTIFIED MAIL.**

7010 0290 0002 3131 9916

BAC Home Loans Servicing, L.P
400 National Way
Mail Stop CA6-919-01-23
Simi Valley, CA 93065


**UNITED STATES**
**POSTAL SERVICE.**

Date: 12/07/2010

Dale Harms:

The following is in response to your 12/07/2010 request for delivery information on your Certified Mail(TM) item number 7010 0290 0002 3131 9916. The delivery record shows that this item was delivered on 12/03/2010 at 10:17 AM in SIMI VALLEY, CA 93065 to N HERNANDEZ. The scanned image of the recipient information is provided below.

Signature of Recipient: 

Address of Recipient: 

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service


**UNITED STATES**
**POSTAL SERVICE™**

Date: 12/06/2010

Dale Harms:

The following is in response to your 12/01/2010 request for delivery information on your Certified Mail(TM) item number 7010 0290 0002 3131 9909. The delivery record shows that this item was delivered on 12/06/2010 at 02:42 PM in PLANO, TX 75024 to B GIBSON. The scanned image of the recipient information is provided below.

Signature of Recipient:

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service


**UNITED STATES**
**POSTAL SERVICE**

Date: 12/16/2010

Dale Harms:


In response to your request dated 12/01/2010, we regret to inform you that we were unable to locate any delivery information in our records regarding your item number 7010 0290 0002 3131 9893.

If you require additional assistance, please take this receipt to your local Post Office or postal representative.


Sincerely,

United States Postal Service

Done by the light of day thirty November two-zero one-zero

7010 0290 0002 3131 9893

## Affidavit of Specific Denial

### Verified Statement

The undersigned Affiant, Dale-Norman: Harms, as a male, a living soul, and a civilian, hereinafter "Affiant" does solemnly declare and state as follows:

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All the facts herein are true, correct and complete, not misleading, to the best of Affiants knowledge and belief, and admissible as evidence, and if called upon as a witness, Affiant will testify to their veracity

I Dale-Norman: Harms, as a male, a living soul, on this the 30th day of the month of November in the year of our Lord two thousand ten, specifically deny that I signed and or autographed a certain ADJUSTABLE RATE NOTE dated April 14, 2005. Loan No. 1040030798, Borrower: DALE HARMS, Data ID: 558, MIN: 100274810400307988, to the order of a certain Lender known as AMPRO MORTGAGE CORPORATION.

I Dale-Norman: Harms, as a male, a living soul, on this the 30th day of November in the year of our Lord two thousand ten, specifically deny that I signed **and or autographed** a certain ADJUSTABLE RATE RIDER, dated April 14, 2005. Loan No: 1040030798, Borrower: DALE HARMS, Data ID: 558, MIN 100274810400307988.

I Dale-Norman: Harms, as a male, a living soul, on this the 30th day of the month of November in the year of our Lord two thousand ten, specifically deny that I signed **and or autographed** a certain DEED OF TRUST, dated April 14, 2005, Loan No: 1040030798, Borrower: DALE HARMS, Data ID: 558, MIN: 100274810400307988, recorded as DOC-2005-0142581-00, on Friday April 22, 2005 11:02:00. in the Contra Costa County California Recorder Office, Stephen L. Weir, Clerk-Recorder, Ticor 2516005749504693, notarized by Andrea Sousa, Commission #1413422, Notary Public – California, Alameda County, Commission Expires April 25, 2007. on 4/17/2005.

I declare under penalty of perjury that the foregoing is true and correct.
DATED: This 30th day of November, in the year, of our Lord 2010

*Dale Norman Harms*

Dale Norman Harms, a living soul
Sui Juris, a Sovereign
All my common-law rights reserved
Without prejudice to any,
without recourse to me
28 U.S.C. 1746 (1),
without the UNITED STATES
non-citizen, non-resident
united states National
not a corporation
U.C.C 1-308, without prejudice
Under protest

State of California
County of Contra Costa

Subscribed and sworn to (or affirmed) before me on this _____ day of
_____, 20 ___, by Dale-Norman: Harms, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Notary Public

Seal

My Commission Expires: _____

Done by the light of day thirty November two-zero one-zero

7010 0290 0002 3131 9909

## Affidavit of Specific Denial

### Verified Statement

The undersigned Affiant, Dale-Norman: Harms, as a male, a living soul, and a civilian, hereinafter "Affiant", does solemnly declare and state as follows:

1.  Affiant is competent to state the matters set forth herein.
2.  Affiant has knowledge of the facts stated herein.
3.  All the facts herein are true, correct and complete, not misleading, to the best of Affiants knowledge and belief, and admissible as evidence, and if called upon as a witness, Affiant will testify to their veracity

I Dale-Norman: Harms, as a male, a living soul, on this the 30th day of the month of November in the year of our Lord two thousand ten, **specifically deny that I signed and or autographed** a certain ADJUSTABLE RATE NOTE dated April 14, 2005, Loan No: 1040030798, Borrower: DALE HARMS, Data ID: 558. MIN: 100274810400307988, to the order of a certain Lender known as AMPRO MORTGAGE CORPORATION.

I Dale-Norman: Harms, as a male, a living soul, on this the 30th day of November in the year of our Lord two thousand ten, **specifically deny that I signed and or autographed** a certain ADJUSTABLE RATE RIDER, dated April 14, 2005, Loan No: 1040030798, Borrower: DALE HARMS, Data ID: 558. MIN: 100274810400307988.

I Dale-Norman: Harms, as a male, a living soul, on this the 30th day of the month of November in the year of our Lord two thousand ten, **specifically deny that I signed and or autographed** a certain DEED OF TRUST, dated April 14, 2005, Loan No: 1040030798, Borrower: DALE HARMS, Data ID: 558, MIN: 100274810400307988, recorded as DOC-2005-0142581-00, on Friday April 22, 2005 11:02:00, in the Contra Costa County California Recorder Office, Stephen L. Weir, Clerk-Recorder, Ticor 251600574/9504693, notarized by Andrea Sousa, Commission #1413422, Notary Public – California, Alameda County, Commission Expires April 25, 2007, on 4/17/2005.

I declare under penalty of perjury that the foregoing is true and correct
DATED: This 30th day of November, in the year of our Lord, 2010

Dale Norman Harms, a living soul
Sui Juris, a Sovereign
All my common-law rights reserved
Without prejudice to any,
without recourse to me
28 U.S.C. 1746 (1),
without the UNITED STATES
non-citizen, non-resident
united states National
not a corporation
U.C.C 1-308, without prejudice
Under protest

State of California
County of Contra Costa

Subscribed and sworn to (or affirmed) before me on this _____ day of
_____ 20___ by Dale-Norman Harms, proved to me on the
basis of satisfactory evidence to be the person who appeared before me.

Notary Public                                                    Seal

My Commission Expires: _____

Done by the light of day thirty November two-zero one-zero

7016 0750 0002 3131 9936

### Affidavit of Specific Denial

#### Verified Statement

The undersigned Affiant, Dale-Norman: Harms, as a male, a living soul, and a civilian, hereinafter "Affiant", does solemnly declare and state as follows:

1.  Affiant is competent to state the matters set forth herein.
2.  Affiant has knowledge of the facts stated herein.
3.  All the facts herein are true, correct and complete, not misleading, to the best of Affiants knowledge and belief, and admissible as evidence, and if called upon as a witness, Affiant will testify to their veracity

I Dale-Norman: Harms, as a male, a living soul, on this the 30th day of the month of November in the year of our Lord two thousand ten, **specifically deny that I signed and or autographed** a certain ADJUSTABLE RATE NOTE dated April 14, 2005, Loan No: 1040030798, Borrower: DALE HARMS, Data ID: 558, MIN: 100274810400307988, to the order of a certain Lender known as AMPRO MORTGAGE CORPORATION.

I Dale-Norman: Harms, as a male, a living soul, on this the 30th day of the month of November in the year of our Lord two thousand ten, **specifically deny that I signed and or autographed** a certain ADJUSTABLE RATE RIDER, dated April 14, 2005, Loan No: 1040030798, Borrower: DALE HARMS, Data ID: 558, MIN: 100274810400307988.

I Dale-Norman: Harms, as a male, a living soul, on this the 30th day of the month of November in the year of our Lord two thousand ten, **specifically deny that I signed and or autographed** a certain DEED OF TRUST, dated April 14, 2005, Loan No: 1040030798, Borrower: DALE HARMS, Data ID: 558, MIN: 100274810400307988, recorded as DOC-2005-0142581-00, on Friday April 22, 2005 11:02:00, in the Contra Costa County California Recorder Office, Stephen L. Weir, Clerk-Recorder, Ticor 2516005749504693, notarized by Andrea Sousa, Commission #1413422, Notary Public – California, Alameda County, Commission Expires April 25, 2007, on 4/17/2005.

I declare under penalty of perjury that the foregoing is true and correct
DATED: This 30th day of November, in the year of our Lord, 2010

*Dale Norman Harms* (signature)

Dale Norman Harms, a living soul
Sui Juris, a Sovereign
All my common-law rights reserved
Without prejudice to any,
without recourse to me
28 U.S.C. 1746 (1),
without the UNITED STATES
non-citizen, non-resident
united states National
not a corporation
U.C.C. 1-308, without prejudice
Under protest

State of California
County of Contra Costa

Subscribed and sworn to (or affirmed) before me on this _____ day of
_____ 20 ____ by Dale-Norman: Harms, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____ (signature)
Notary Public

My Commission Expires  Nov 19th 2013

Seal

# THIRD PARTY AFFIDAVIT FOR
# VERIFICATION AND PROOF OF SERVICE

In the Free and Independent State of California, De Jure Contra Costa county: I, the undersigned, herein declare that I am over the age of eighteen years and not a party to the instant matter. I hereby declare under the penalty of perjury under the laws of the Free and Independent State of California and The United States of America (without the UNITED STATES), that I personally served the following document(s) as follows and in the below described manner:

Sent for Maker: dale norman of the House of Harms

### LIST OF DOCUMENTS:
1. One (1) DVD with a video showing BOA acceptance of Cease and Desist, and Revocation of Power of Attorney
2. One (1) Original of an updated "Affidavit of Specific Denial"
3. Copy of correspondence delivered 05/31/2011 of the below "Affidavit of Specific Denial"
3. 6 copies of original "Affidavit of Specific Denial" sent to the following 3 locations. As evidenced by electronic return receipts. Sent 12/01/2010, and 03/07/2011

- BAC Home Loans Servicing, L.P., 7105 Corporate Drive, Plano, TX 75024
- BAC Home Loans Servicing, L.P., 400 National Way, Mail Stop CA6-919-01-23, Simi Valley, CA 93065
- Bank of New York Mellon, 101 Barclay Street 4W, New York, NY 10286

[X] By placing in Post Office maintained by the United States Postal Service, with proper postage affixed and addressed as follows:

Addressee: SELECT PORTFOLIO SERVICING, INC.
Address: 3815 S. WEST TEMPLE, SALT LAKE CITY UT 84115

Choose One: [X] First Class Mail; [X] Certified [ ]; Registered [ ]; Tracking Number: 7012 3460 0000 3627 7325
[ ] By Private Courier, Choose One: [ ] UPS, [ ] FedEx, [ ] DHL, [ ] Other: ___ ___

Private Courier Tracking Number: ___ ___

[ ] By personal service, at the following address and received by the listed named individual:
Address: ___
Received by: ___                                    Receiver's Acknowledgment, Initials ___

I declare under the penalty of perjury of the Laws of the Free and Independent State of California and The United States of America, (without the UNITED STATES) that the foregoing is true, correct, complete and certain, established on the basis of my firsthand knowledge, and I stand ready to testify to the same if called upon to do so. This declaration is executed by the voluntary act of my own hand this 10th day of the third month, in the year two thousand and fourteen.

_Justin Asher_                                    3-10-14
Autograph of Third Party Server                   Date
Printed Name of Third Party Server: Justin Asher
Location, City, State: Antioch, California

LEGAL NOTICE: The Certifying Third Party Witness is an independent contractor and not a party to this claim. In fact the Certifying Third Party Witness is a Federal Witness Pursuant to TITLE 18, PART I, CHAPTER 73, SEC. 1512. Tampering with a witness, victim, or an informant. The Certifying Third Party Witness also performs the functions of a quasi-Postal Inspector under the Homeland Security Act by being compelled to report any violations of the U.S. Postal regulations as an Officer of the Executive Department. Intimidating a Certifying Third Party Witness under Color of Law is a violation of Title 18, U.S. Code, Section 242, titled "Deprivation of Rights Under Color of Law" which primarily governs police misconduct investigations. This Statute makes it a crime for any person acting under the Color of Law to willfully deprive any individual residing in the United States and/or United States of America those rights protected by the Constitution and U.S. laws. Certifying Third Party Witness is not an attorney licensed to practice law in the State of California and has not given legal advice or accepted fees for legal advice; has provided no assistance in the preparation of the above referenced documents; has no interest in any issue referenced therein; is NOT a party to this action and is ONLY acting in an authorized capacity as liaison to communications between the parties. Certifying Third Party Witness and two verifying witnesses' signatures are on this Presentment for purposes of service, notation of response or lack thereof and as third party verification only

Dale-Norman: Harms, An Immortal living soul
In care of: 2063 Main Street, Suite 282
Oakley, California Republic

SELECT PORTFOLIO SERVICING, INC.
3815 S. WEST TEMPLE
SALT LAKE CITY UT 84115

*An un-rebutted affidavit stands as truth in commerce.*
See 1 Pet. 1:25; Heb. 6:13-15.
Legal maxim: "He, who does not deny, admits."

*An un-rebutted affidavit becomes a judgment in commerce.*
See Heb. 6:16-17.
Any proceeding in court, tribunal, or arbitration forum consists of a contest, or "duel," of commercial affidavits wherein the points remaining un-rebutted in the end stand as the truth and the matters to which the judgment of the law is applied.

**Enclosures:**
- One (1) Original of an updated "Affidavit of Specific Denial"
- Copy of correspondence delivered 05/31/2011 of the below "Affidavit of Specific Denial"
- 6 copies of original "Affidavit of Specific Denial" sent to the following 3 locations. As evidenced by electronic return receipts. *[handwritten: sent 12/1/2010 and 3/7/2011]*

1. BAC Home Loans Servicing, L.P.
   7105 Corporate Drive
   Plano, TX 75024

   *[handwritten: They still remain unrebutted as of today March 8th in the year of our Lord two thousand fourteen]*

2. BAC Home Loans Servicing, L.P.
   400 National Way
   Mail Stop CA6-919-01-23
   Simi Valley, CA 93065

3. Bank of New York Mellon
   101 Barclay Street 4W
   New York, NY 10286

   *[handwritten signature: Dale Norman Harms]*

*[handwritten: DVD with a video showing BOA acceptance of cease and desist, and Revocation of Power of Attorney]*

Dale Norman Harms, a living soul
Sui Juris, a Sovereign
All my common-law rights reserved
Without prejudice to any,
without recourse to me
28 U.S.C. 1746 (1),
without the UNITED STATES
non-citizen, non-resident
united states National
not a corporation
U.C.C. 1-308, without prejudice
Under protest

Done by the light of day eight March two-zero one-four

7012 3460 0000 3627 7325

## Affidavit of Specific Denial

(Pursuant to, and in the nature of
Federal Rules of Civil Procedure, Title III rule 9 (a) (2),
California Commercial Code 3308,
and Universal Commercial Code 3-308)

### Verified Statement

The undersigned Affiant, dale norman of the House of Harms, as a male, a living soul, and a civilian, hereinafter "Affiant", does solemnly declare and state as follows:

1. Affiant is competent to state the matters set forth herein
2. Affiant has knowledge of the facts stated herein.
3. All the facts herein are true, correct and complete, not misleading, to the best of Affiants knowledge and belief, and admissible as evidence, and if called upon as a witness, Affiant will testify to their veracity

I dale norman of the House of Harms, as a male, a living soul, on this the 8th day of the month of March in the year of our Lord two thousand fourteen, **specifically deny that I signed and or autographed** a certain ADJUSTABLE RATE NOTE dated April 14, 2005, Loan No: 1040030798, Borrower: DALE HARMS, Data ID: 558, MIN: 100274810400307988, to the order of a certain Lender known as AMPRO MORTGAGE CORPORATION.

I dale norman of the House of Harms, as a male, a living soul, on this the 8th day of the month of March in the year of our Lord two thousand fourteen, **specifically deny that I signed and or autographed** a certain ADJUSTABLE RATE RIDER, dated April 14, 2005, Loan No: 1040030798, Borrower: DALE HARMS, Data ID: 558, MIN: 100274810400307988.

I dale norman of the House of Harms, as a male, a living soul, on this the 8th day of the month of March in the year of our Lord two thousand fourteen, **specifically deny that I signed and or autographed** a certain DEED OF TRUST, dated April 14, 2005, Loan No: 1040030798, Borrower: DALE HARMS, Data ID: 558, MIN: 100274810400307988, recorded as DOC-2005-0142581-00, on Friday April 22, 2005 11:02:00, in the Contra Costa County California Recorder Office, Stephen L. Weir, Clerk-Recorder, Ticor 251600574/9504693, notarized by Andrea Sousa, Commission #1413422, Notary Public - California, Alameda County, Commission Expires April 25, 2007, on 4/17/2005

I dale norman of the House of Harms, as a male, a living soul, on this the 8th day of the month of March in the year of our Lord two thousand fourteen, **specifically deny that I received any money from** a certain ADJUSTABLE RATE NOTE dated April 14, 2005, Loan No: 1040030798, Borrower: DALE HARMS, Data ID: 558, MIN: 100274810400307988, to the order of a certain Lender known as AMPRO MORTGAGE CORPORATION

I dale norman of the House of Harms, as a male, a living soul, on this the 8th day of the month of March in the year of our Lord two thousand fourteen, **specifically deny that I received any money from** a certain ADJUSTABLE RATE RIDER, dated April 14, 2005, Loan No: 1040030798, Borrower: DALE HARMS, Data ID: 558, MIN: 100274810400307988.

I dale norman of the House of Harms, as a male, a living soul, on this the 8th day of the month of March in the year of our Lord two thousand fourteen, **specifically deny that I owe any money on** a certain ADJUSTABLE RATE NOTE dated April 14, 2005, Loan No: 1040030798, Borrower: DALE HARMS, Data ID: 558, MIN: 100274810400307988, to the order of a certain Lender known as AMPRO MORTGAGE CORPORATION

Page 1 of 2

I dale norman of the House of Harms, as a male, a living soul, on this the 8th day of the month of March in the year of our Lord two thousand fourteen, **specifically deny that I owe any money on** a certain ADJUSTABLE RATE RIDER, dated April 14, 2005, Loan No: 1040030798, Borrower: DALE HARMS, Data ID: 558, MIN: 100274810400307988.

I dale norman of the House of Harms, as a male, a living soul, on this the 8th day of the month of March in the year of our Lord two thousand fourteen, **specifically deny that I am in default on** a certain ADJUSTABLE RATE NOTE dated April 14, 2005, Loan No: 1040030798, Borrower: DALE HARMS, Data ID: 558, MIN: 100274810400307988, to the order of a certain Lender known as AMPRO MORTGAGE CORPORATION.

I dale norman of the House of Harms, as a male, a living soul, on this the 8th day of the month of March in the year of our Lord two thousand fourteen, **specifically deny that I am in default on** a certain ADJUSTABLE RATE RIDER, dated April 14, 2005, Loan No: 1040030798, Borrower: DALE HARMS, Data ID: 558, MIN: 100274810400307988.

I dale norman of the House of Harms, as a male, a living soul, on this the 8th day of the month of March in the year of our Lord two thousand fourteen, **specifically deny that I am in default on** a certain DEED OF TRUST, dated April 14, 2005, Loan No: 1040030798, Borrower: DALE HARMS, Data ID: 558, MIN: 100274810400307988, recorded as DOC-2005-0142581-00, on Friday April 22, 2005 11:02:00, in the Contra Costa County California Recorder Office, Stephen L. Weir, Clerk-Recorder, Ticor 251600574/9504693, notarized by Andrea Sousa, Commission #1413422, Notary Public – California, Alameda County, Commission Expires April 25, 2007, on 4/17/2005.

I declare under penalty of perjury that the foregoing is true and correct
DATED: This 8th day of March, in the year, of our Lord, 2014.



dale norman of the House of Harms,
a living soul, Sui Juris, a Sovereign
All my common-law rights reserved
Without prejudice to any,
without recourse to me
28 U.S.C. 1746 (1),
without the UNITED STATES
non-citizen, non-resident
united states National
not a corporation
U.C.C. 1-308, without prejudice
Under protest

State of California
County of Contra Costa

Subscribed and sworn to (or affirmed) before me on this _____ day of
_____, 20 14 by dale norman of the House of Harms, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____                                        Seal
Notary Public

My Commission Expires: _Oct 31, 2014_



page 2 of 2



```
            Main Office Antioch
            ANTIOCH, California
              945099998
            0555110215 -0099
03/10/2014     (800)275-8777    12:17:24 PM

              Sales Receipt
Product          Sale  Unit       Final
Description       Qty  Price       Price

SALT LAKE CITY UT 84115 Zone-4     $2.24
First-Class Mail Large Env
6.20 oz.
  Expected Delivery: Thu 03/13/14
Return Rcpt (Green Card)           $2.70
@@ Certified                       $3.30
USPS Certified Mail #:
70123460000036277325
Customer Postage                 -$10.00
  Subtotal:                        $0.00
                                 ========
Issue PVI:                         $0.00

@@ ~~ SALT LAKE CITY UT 84165      $5.60
Zone-4
Priority Mail 2-Day
Flat Rate Env
14.60 oz.
  Expected Delivery: Wed 03/12/14
USPS Tracking #:
9114901238061690272378
Includes $50 insurance

Customer Postage                  -$5.60
  Subtotal:                        $0.00
                                 ========
Issue PVI:                         $0.00


Total:                             $0.00

Paid by:

@@ For tracking or inquiries go to
USPS.com or call 1-800-222-1811.
*****************************************
********************** *******************
```

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SELECT PORTFOLIO SERVICING, INC.
3815 S WEST TEMPLE
SALT LAKE CITY UT 84115

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Wendy Daniels
☐ Agent
☐ Addressee

B. Received by (Printed Name)
Wendy Daniels
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7012 3460 0000 3627 7325

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No G-10

OX °

Dale-Norman: Harms, An Immortal living soul
In care of: 2063 Main Street, Suite 282
Oakley, California Republic
near [94561] .

| | |
|---|---|
| **From:** | US_Postal_Service@usps.com |
| **Sent:** | Thursday, March 13, 2014 1:07 PM |
| **To:** | degarmo64@comcast.net |
| **Subject:** | USPS Shipment Info for 70123460000036277325 |

This is a post-only message. Please do not respond.

Dale Harms has requested that you receive a Track & Confirm update, as shown below.

Track & Confirm e-mail update information provided by the U.S. Postal Service.

Label Number: 70123460000036277325

Service Type: Certified Mail™

| Shipment Activity | Location | Date & Time |
|---|---|---|
| Delivered | SALT LAKE CITY, UT 84115 | March 13, 2014 10:09 am |
| Available for Pickup | SALT LAKE CITY, UT 84115 | March 13, 2014 9:55 am |
| Arrival at Unit | SALT LAKE CITY, UT 84115 | March 13, 2014 9:04 am |
| Depart USPS Sort Facility | SALT LAKE CITY, UT 84199 | March 12, 2014 |
| Processed through USPS Sort Facility | SALT LAKE CITY, UT 84199 | March 12, 2014 6:18 pm |
| Dispatched to Sort Facility | ANTIOCH, CA 94509 | March 10, 2014 6:01 pm |
| Acceptance | ANTIOCH, CA 94509 | March 10, 2014 12:15 pm |

Reminder: Track & Confirm by email

Date of email request: March 10, 2014

Future activity will continue to be emailed for up to 2 weeks from the Date of Request shown above. If you need to initiate the Track & Confirm by email process again at the end of the 2 weeks, please do so at the USPS Track & Confirm web site at http://www.usps.com/shipping/trackandconfirm.htm

```
       ┌─────────────────────────────────────┐
       │  TRANSMISSION VERIFICATION REPORT    │
       └─────────────────────────────────────┘

                                    TIME   : 03/11/2014 17:03
                                    NAME   : THE RESTING PLACE
                                    FAX    : 9256270457
                                    SER.#  : BROD9F251929

┌────────────────────────────────────────────────────────────────────────┐
│                                                                          │
│   DATE,TIME            03/11  16:49                                       │
│   FAX NO./NAME         6022646209                                        │
│   DURATION             00:14:26                                          │
│   PAGE(S)              12                                                │
│   RESULT               OK                                                │
│   MODE                 FINE   PC-FAX                                     │
│                        ECM                                              │
│                                                                          │
└────────────────────────────────────────────────────────────────────────┘
```

P O Box 1211
Oakley CA 94561



Shellpoint mortgage Servicing
Disputes Department
P.O. Box 10826
Greenville, SC 29603

TRANSMISSION VERIFICATION REPORT

TIME : 04/09/2017 20:53
NAME : THE RESTING PLACE
FAX : 9256270457
SER.# : BROD9F251929

| DATE,TIME | 04/09  20:49 |
| FAX NO./NAME | 8664671137 |
| DURATION | 00:03:30 |
| PAGE(S) | 01 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

# DENIAL OF FINANCIAL RESPONSIBILITY DECLARATION

(Pursuant to, and in the nature of, Federal Rules of Civil Procedure, Title III rule 9 (a) (2),
California Commercial Code 3308, and Uniform Commercial Code 3-308)

**Loan/Lease Number:** 1040030798 AMPRO MORTGAGE CORPORATION

**Date of Loan/Lease:** Unknown, as it was never consummated or delivered

**Under the names of:** DALE HARMS AND LAURIE HARMS HUSBAND AND WIFE

................................................................................

I Dale Norman Harms, a living man, with an eternal living soul, made in the image of God the creator, currently
residing at 2063 Main Street, Suite 282, City of Oakley, State of California hereby declare that:

- I did not receive nor use the proceeds of the aforementioned Loan/Lease
- I did not receive benefit or value, nor will I receive anything of value as a result of said Loan/Lease
- I did not sign, nor did I authorize anyone else to sign my name to any application or other document
  requesting the issuance of said Loan/Lease

I further state that I will attest, declare, or certify to the foregoing before any hearing, trial, or public officer in
any case now pending, or that may hereafter be instituted in connection with the matter contained in this
declaration. **I declare under penalty of perjury that the foregoing is true and correct.**

Executed on the State of California, the County of Contra Costa on this 9th day of April, 2017

Signature of Declarant: *dale norman harms*

Social Security Number: 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
Driver's License Number: A2494149
Phone Number: 925-785-0389

Witnessed by: *Methi Usher*

Address: *7969 Lone Tree Way #318* City: *Antioch* State: *Ca*

................................................................................

State of California
County of Contra Costa

A notary public or other officer completing this
certificate verifies only the identity of the
individual who signed the document to which this
certificate is attached, and not the truthfulness,
accuracy, or validity of that document

Subscribed and sworn to (or affirmed) before me on this 9th day of April, 2017, by Dale Norman Harms, who
proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Notary Public Signature

Seal:

LINDA A. PANDER
Notary Public - California
Contra Costa County
Commission # 2159688
My Comm. Expires Apr 10, 2020

ATTACHMENT 7

**dale norman**

| | |
|---|---|
| **From:** | dale norman <dale.norman@unseen.is> |
| **Sent:** | Monday, August 20, 2018 9:54 AM |
| **To:** | 'bankruptcy@zbslaw.com' |
| **Subject:** | RE: Follow up to meet and confer 08/14/2018 |
| | |
| **Importance:** | High |

Good morning Mr. Mark S. Krause

I have to clarify what I said below, as I misspoke.
The Debtor IS entitled to the "Note," as the "Note" is listed as an asset on schedule A/B.
So I take back what I said below where I said I agree that the Debtor is not entitled to the note under bankruptcy laws. The Debtor very much is entitled to it, as it is an asset of the Debtor.

Regards

Dale Harms
925-785-0389

**From:** dale norman [mailto:dale.norman@unseen.is]
**Sent:** Tuesday, August 14, 2018 1:24 PM
**To:** 'bankruptcy@zbslaw.com'
**Subject:** Follow up to meet and confer 08/14/2018

Dear Mark

This is a follow up email to clarify what we spoke about today, feel free to add this to your status report

1. You say if I abandon the property then I don't have to pay from my plan. There is a huge problem with that. The property is not mine, and is not in my name, and is not part of the bankruptcy estate. (please see Debtor's schedules for clarification, and the declaration filed regarding the trustee's questions regarding this. See DOC #22 attached) The property cannot be given to you by me, or the court, as title is not in my name, and is not part of the bankruptcy estate, and the trustee has no ability to give it to you.

2. My offer to you regarding a trade in which we would trade the house for the note would be done as a settlement offer, (between the current owner, which is not me and BoNY) and would not be done according to bankruptcy laws. It was just a settlement offer. You obviously didn't like that offer. Which is fine. I do agree that if this was done through the bankruptcy court the Debtor is not entitled to the Note, but that is not even possible since the house isn't even part of the bankruptcy case. I made it pretty clear in my Reply to your Opposition to my Objection to Claim, that yes, the law does require you to surrender the note "if" you are allowed to foreclose.

3. I asked you to tell me where my original note is, and where, you declined to answer that. By you declining to tell me who has the original note and where, is just more evidence that shows you do not have it, otherwise you would have no problem telling me, or at the very least tell me that you don't know where it is, but you will find out.

4. You are not entitled to get paid from my personal chapter 13 plan because the house isn't even a part of the bankruptcy case. I am not living in the house for free, and I am not trying to keep it without paying, as it isn't mine to keep, I have already divested myself of it 5 years ago. Do a title search on the property, you will see I haven't owned it since September of 2013. In previous litigation BoNY has already acknowledged that the property is not mine, so there is no denying that BoNY agrees the property is not mine. (See attached excerpts from a previous case with highlighted text)

1

Regards

Dale Harms
(925) 785-0389

**FILED**

JUN 0 5 2018

BANKRUPTCY COURT
OAKLAND, CALIFORNIA

Dale Norman Harms, *Pro Se*
2063 Main Street, Suite 282
Oakley, California 94561
Ph: 925-785-0389
Fax: 925-627-0457

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

DALE NORMAN HARMS,

Debtor.

Case No.: 18-40758

Declaration as Requested by the Chapter 13
Trustee pursuant to Docket Number 20; Notice
Regarding Trustees Initial Report of
Deficiencies & Requested Corrections

## Declaration as Requested by the Chapter 13 Trustee pursuant to Docket Number 20;

## Notice Regarding Trustees Initial Report of Deficiencies & Requested Corrections

I, Dale Norman Harms, being first duly sworn to oath, do hereby declare as follows:

1. I am over the age of 18 years, and qualified to make this Declaration.

2. I represent the Debtor in *pro se* in Case Number 18-40758 CN 13, hereinafter ("I") or
   ("undersigned Declarant") or ("Declarant").

3. I am a living breathing man with an eternal soul created in the image of Elohiym.[1]

4. I was created and formed by Elohiym in his image.

5. I am standing on the dry soil of the land mass known as North America, on the state of
   California, one of the union states of The United States of America.

6. The undersigned Declarant declares that all the facts herein are true, correct, complete,
   and not misleading, to the best of undersigned Declarant's knowledge and belief, and are
   admissible as evidence, and if called upon as a witness, the undersigned Declarant will
   testify to their veracity.

---

[1] God, especially as used in the Hebrew text of the Old Testament; the God of Abraham, Issac, and Jacob; the
Creator of all living things. Genesis 1:26-31

Case: 18-40758    Doc# 53-1    Filed: 09/07/18    Entered: 09/07/18 17:57:47    Page 33
of 38

7. The undersigned Declarant declares that Official Form 106Sum is not missing any property value as the form instructs you to Copy line 55, Total real estate, from Schedule A/B, to line 1a of Form 106Sum.

8. Line 55 from Schedule A/B is zero. Schedule A/B is filled out correctly, and has no errors.

9. The undersigned Declarant declares that the reason the value of the property $435,128 differs from the value of the portion the Debtor owns $0.00 on Schedule A/B line 1.1, is because the form asks if "*you own **or have any legal** or equitable interest in any residence, building, land, or similar property?*"

10. Declarant does not own, or have any ownership interest in the property listed in Part 1, line 1.1 of Schedule A/B, but, he does have a legal interest, as holding legal title as Trustee of the Trust that owns the property 100%.

11. Declarant is a Co-Trustee for the Trust that owns, and has 100% Ownership interest in the property. Declarant only has legal title, and is not the owner.

12. The Resting Place Eleemosynary Trust is the Owner; with 100% Ownership interest of the property listed in Part 1, line 1.1 of Schedule A/B.

13. The undersigned Declarant declares that the reason the value of the property $1,000 differs from the value of the portion the Debtor owns $0.00 on Schedule A/B line 3.1, is because the form asks if "*you own, lease, **or have legal** or equitable interest in any vehicles, **whether they are registered or not**?*"

14. Declarant does not own, or have any ownership interest in the vehicle listed in Part 2, line 3.1 of Schedule A/B, but, he does have a legal interest, as holding legal title as Trustee of the Trust that owns the property 100%.

15. Declarant is a Co-Trustee for the Trust that owns, and has 100% Ownership interest in the vehicle listed in Part 2, line 3.1 of Schedule A/B. Declarant only has legal title, and is not the owner.

16. The Resting Place Eleemosynary Trust is the Owner; with 100% Ownership interest of the vehicle listed in Part 2, line 3.1 of Schedule A/B.

Declaration as Requested by the Chapter 13 Trustee pursuant to Docket Number 20; Notice Regarding Trustees Initial Report of Deficiencies & Requested Corrections   Page 2 of 3

Case: 18-40758   Doc# 53-1   Filed: 09/07/18   Entered: 09/07/18 17:57:47   Page 34 of 38

17. The undersigned Declarant declares that the reason the value of the property $3,000 differs from the value of the portion the Debtor owns $0.00 on Schedule A/B line 3.2, is because the form asks if *"you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?"*

18. Declarant does not own, or have any ownership interest in the vehicle listed in Part 2, line 3.2 of Schedule A/B, but, he does have a legal interest, as holding legal title as Trustee of the Trust that Owns the property 100%.

19. Declarant is a Co-Trustee for the Trust that owns, and has 100% Ownership interest in the vehicle listed in Part 2, line 3.2 of Schedule A/B. Declarant only has legal title, and is not the owner.

20. The Resting Place Eleemosynary Trust is the Owner; with 100% Ownership interest of the vehicle listed in Part 2, line 3.2 of Schedule A/B.

21. The undersigned Declarant declares that Official Form 106J is filled out correctly and is not missing any information in Part 2, line 4.

22. The undersigned Declarant declares that the reason the amount for Part 2, line 4 of Form 106J is $0.00, is because the Debtor exchanges his labor and expense of maintenance and upkeep of the Trust property, along with his services of being the Trustee, for residing in the Trust property. Therefore Debtor does not pay any set dollar amount for any rent for shelter, which makes Part 2, line 4 of Form 106J $0.00.

 

I, Dale Norman Harms, the undersigned Declarant, with God as my witness, declare, under the penalty of perjury, under the laws of the United States of America, and the State of California that the foregoing is true and correct. Dated this 2nd day of June, 2018; all rights and remedies reserved. As my word is my bond; duly tendered in honor;

*Dale Norman Harms*

Declarant
2063 Main Street, Suite 282
City of Oakley, union state of California

Case: 18-40758    Doc# 53-1    Filed: 09/07/18    Entered: 09/07/18 17:57:47    Page 35 of 38

1    Mortgage Pass-Through Certificates Series 2005-27 ("BNY Trust"). (RJN,

2    Exhibit 2.)

3        Plaintiff defaulted under the terms of the Loan by failing to make payments

4    due thereunder, beginning on September 1, 2009.  On February 10, 2014, National

5    Default Servicing Corporation ("NDSC") was substituted in as trustee under the

6    Deed of Trust. (RJN, Exhibit 3.)  The same day, the operative Notice of Default

7    and Election to Sell ("NOD") was recorded. (RJN, Exhibit 4.)  Plaintiff failed to

8    cure the default, and a Notice of Trustee's Sale ("2014 NOTS") was recorded on

9    October 28, 2014. (RJN, Exhibit 5.)  The operative Notice of Trustee's Sale

10   ("2016 NOTS") was recorded on March 14, 2016. (RJN, Exhibit 6.)  The Property

11   has not been foreclosed upon due to Mrs. Harms' recent bankruptcy filing

12   discussed below.

13      **B. Grant Deed**

14        On or about September 17, 2013, Plaintiff and his wife executed a Grant

15   Deed purporting to transfer title to "The Resting Place Eleemosynary Trust".

16   (RJN, Exhibit 7.)  In doing so, Plaintiff divested himself of title.

17      **C. Plaintiff's Prior Litigation History**

18         **1. First Federal Lawsuit**

19        On April 14, 2010, Plaintiff and his wife filed a lawsuit in the United States

20   District Court, Northern District of California under case number 4:10-cv-01598-

21   CW, styled *Harms, et al. v. Recontrust Company, N.A., Mortgage Electronic*

22   *Registraiton Systems, Inc., The Bank of New York Mellon, and BAC Home Loans*

23   *Servicing* ("First Federal Lawsuit"). (RJN, Exhibit 8.)  In the First Federal

24   Lawsuit, Plaintiff sought proof that the foreclosing entity **"has a perfected**

25   **interest in the title, has authority to foreclose, has possession of both the**

26   **'Note" and the 'Security Instrument', and is the Holder in Due Course of the**

27   **'Note'."** On June 24, 2010, the district court dismissed the complaint in the First

28   Federal Lawsuit as "legally frivolous", citing that there is no requirement that a

WRIGHT FINLAY & ZAK<br>ATTORNEYS AT LAW

2

WRIGHT FINLAY & ZAK"
ATTORNEYS AT LAW

1   statements regarding the title to property owned by plaintiff, to plaintiff's
2   damage." *Watts v. Decision One Mortg. Co., LLC* (S.D.Cal., Mar. 9, 2009) 2009
3   U.S.Dist. LEXIS 19668, *15, citing *Southcott v. Pioneer Title Co.* 203 Cal.App.2d
4   673, 676 (1962). A disparaging statement is one intended to cast doubt the
5   existence or extent of one's interest in the property. *Glass v. Gulf Oil Corp.* (1970)
6   12 Cal.App.3d 412, 423.

7        The process of recording of the foreclosure notices is insufficient to support
8   the cause of action because foreclosure notices make no claim to the Property and
9   do not cast any doubt as to Plaintiff's ownership interest. (*Watts, supra*, 2009 WL
10  648669 at p. *15.) Further, publication and recording of the foreclosure notices
11  and the trustee's deed is a privileged activity. "The legislature has expressly
12  stated foreclosure proceedings fall within the protections of this section.
13  California's *Civil Code* §2924(d), states: 'the following shall constitute privileged
14  communications pursuant to Section 47: (1) The mailing, publication, and delivery
15  of notices as required by this section. (2) Performance of the procedures set forth
16  in this article.'" (*Salazar v. Accredited Home Lenders, Inc.* (S.D.Cal., July 2,
17  2010) 2010 U.S.Dist. LEXIS, *10.) Thus, Plaintiff's cause of action fails because
18  Plaintiff cannot, as a matter of law, allege the elements of the cause of action.

19       Nonetheless, Plaintiff's claim fails because he no longer has title to the
20  Property; title is currently held in the name of "The Resting Place Eleemosynary
21  Trust", and not in his name. Therefore, Plaintiff has no basis in title to allege this
22  claim.

23       Plaintiff's claim also fails because Plaintiff cannot allege that Defendants
24  made a false publication that was damaging to Plaintiff. As discussed above, the
25  sale of the Loan does not alter Plaintiff's obligation to repay the debt, nor does it
26  eliminate Defendants' right to foreclose for his failure thereon.     Further,
27  Defendants are not required to demonstrate their ownership of the Loan in order to
28  foreclose. Instead, the recorded documents demonstrate that Plaintiff obtained the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
*Harris v. Select Portfolio Servicing, Inc., et al., Court Case No. 16-cv-01585-SBA*

1  IV.    **CONCLUSION**

2        Based on the foregoing, Defendants respectfully request that the Honorable

3  Court grant their Motion to Dismiss Plaintiff's First Amended Complaint in its

4  entirety and without leave to amend.

5

6                                   Respectfully submitted,

7                                   WRIGHT, FINLAY & ZAK, LLP

8

9  Dated: October 11, 2016      By:    Marvin B. Adviento, Esq.

10                                  Gwen H. Ribar, Esq.

11                                  Marvin B. Adviento, Esq.

12                                  Attorneys for Defendants, Select Portfolio
                                    Servicing, Inc., The Bank of New York

13                                  Mellon fka The Bank of New York as

14                                  Trustee for the Certificateholders CWALT,
                                    Inc., Alternative Loan Trust 2005-27

15                                  Mortgage Pass-Through Certificates Series

16                                  2005-27, and National Default Servicing
                                    Corporation

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
*Harms v. Select Portfolio Servicing, Inc. et al.*, Court Case No. 16-cv-01585-SBA